STATE FARM MUTUAL AUTOMO-
BILE INSURANCE COMPANY

v.

Sandra RIZZO and David Rizzo.

Appeal of: Sandra Rizzo, Appellant.

Superior Court of Pennsylvania.

Argued April 1, 2003.
Filed Sept. 24, 2003.
Reargument Denied Dec. 2, 2003.

Michael S. Levin, Trevose, for appellant.

Teresa F. Sachs, Philadelphia, for appellee.

Before: FORD ELLIOTT, LALLY–GREEN, and KELLY, JJ.

FORD ELLIOTT, J.

¶ 1 This is an action for declaratory judgment brought by State Farm Ins. Co. ("State Farm") and eventually presented to the court on joint stipulated facts. Instead of oral argument, both parties filed trial briefs.[1] On January 31, 2002, the trial court, the Honorable Flora Barth Wolf, entered an order essentially granting State Farm's complaint for declaratory re-

---

1. Sandra Rizzo ("daughter") and David Rizzo ("father"), the insureds, had filed a motion for summary judgment, which the trial court had not yet acted upon, and therefore submitted the motion in lieu of a formal trial brief. (Appellants' brief at 4–5.)

lief. Sandra Rizzo ("daughter") filed this timely appeal.[2] For the reasons that follow, we vacate the order entering judgment in favor of State Farm and enter judgment in favor of insureds.[3]

¶ 2 The facts are not in dispute. Sandra Rizzo ("daughter") was injured while riding in a vehicle that hydroplaned while traveling at an excessive rate of speed, causing the vehicle to crash through a guardrail and roll down an embankment. The vehicle's operator, who was operating his father's vehicle at the time, conceded fault, and the tortfeasors' insurance tendered liability coverage in the amount of $115,000.

¶ 3 Following the order of priority established at 75 Pa.C.S.A. § 1733, daughter then sought UIM benefits under her policy with State Farm. That policy covered the only vehicle she owned and provided UM/UIM benefits in the amount of $15,000 per person/$30,000 per accident. State Farm tendered the $15,000 policy limits, which still left daughter only partially compensated for her injuries.

¶ 4 Daughter therefore sought UM/UIM benefits under David Rizzo's ("father's")

policy with State Farm, which also provided $15,000/$30,000 UM/UIM coverage. State Farm's complaint in declaratory judgment initially raised the "household exclusion" in father's policy as a basis for denying coverage; however, the parties later agreed that that exclusion did not apply to the facts of this case. Consequently, State Farm argued that another provision in father's policy, an "other insurance" provision, precluded coverage. That section provides:

### If There Is Other Coverage—Coverage W3

1.  If underinsured motor vehicle coverage for **bodily injury** is available to an **insured** from more than one policy provided by us or any other insurer, the total limits of liability available from all coverages provided by all insurers shall not exceed the limit of liability applicable to the coverage with the highest limit of liability. This is the most that will be paid regardless of the number of policies involved, **persons** covered, claims made, vehicles or premiums shown on the declarations page, pre-

2.  We are aware of our supreme court's recent decision in *Motorists Mut. Ins. Co. v. Pinkerton*, —— Pa. ——, 830 A.2d 958 (2003), holding that in declaratory judgment actions, post-trial motions must be filed from orders entered following a jury or non-jury trial or a trial on stipulated facts. *Id.* at 963–965. At the time the trial court in this case entered its order and insureds filed this appeal, however, an *en banc* decision filed by this court required immediate appeals in declaratory judgment actions, including trials on stipulated facts, if the trial court's order affirmatively or negatively declared the rights of the parties. *State Farm Fire and Cas. Co. v. Craley*, 784 A.2d 781, 788 (Pa.Super.2001), *overruled sub nom. Motorists Mut. Ins. Co. v. Pinkerton, supra*, at 963–965. *Craley* also involved a trial on stipulated facts; however, because the parties in *Craley* had filed post-trial motions rath-

er than filing a direct appeal, the *en banc* panel quashed the appeal as untimely.

In this case, as in *Craley*, the trial court's order affirmatively and negatively declared the rights of the parties. As a result, we would not be doing justice if we quashed this appeal for failing to file a post-trial motion when appellants relied upon recent binding precedent when they immediately appealed from the trial court's order. *See Craley*, 784 A.2d at 790 (Del Sole, P.J., dissenting) (opining that "fairness requires we reach the merits of the matter before us" where the parties and the trial court relied on existing precedent in filing post-trial motions from an order in a declaratory judgment action).

3.  Father was deceased by the time the parties filed their amended joint stipulation of facts. We will, nonetheless, refer to father and daughter as insureds and/or appellants.

miums paid or vehicles involved in the accident.

State Farm Insurance Policy Section III— UNINSURED MOTOR VEHICLE AND UNDERINSURED MOTOR VEHICLE COVERAGES: If There is Other Coverage—Coverage W3. (R.R. at 76a (emphasis in original).)

¶ 5 In their amended joint stipulation of facts, the parties agreed that if the court found this provision enforceable, it should declare that daughter was not entitled to coverage under father's policy. If the court found the provision unenforceable, however, daughter would be entitled to $15,000 in UIM coverage under father's policy.

¶ 6 Instead of addressing the enforceability of the aforementioned exclusion, the trial court issued an order finding:

1. Defendants had the right to stack insurance policies in order to obtain additional coverage;

2. Stacking of insurance policies, like other forms of coverage, can be waived without violating public policy;

3. Defendants knowingly and voluntarily chose to waive the right to stack coverage beyond the highest amount of Underinsured Motorist coverage available in any single applicable policy of insurance; and

4. █ Defendants were competent to elect to waive this right.

Trial court order, 1/30/02. As a result, the trial court granted State Farm's motion for declaratory relief. This timely appeal followed, in which insureds raise the following issues:

1. Did the Trial Court err in holding that Sandra Rizzo's execution of a 'stacking waiver' under 75 Pa.C.S. § 1738 precluded her receipt of excess underinsured motorist benefits under a policy of secondary priority under 75 Pa.C.S. § 1733 where she had already exhausted the policy of first priority, and where she could not waive stacking under § 1738(c)?

2. Does the 'setoff' clause asserted in State Farm's Complaint violate the statutorily mandated 'excess theory' of underinsurance in effect in the Commonwealth as expressed in the Pennsylvania Motor Vehicle Financial Responsibility Law?

3. Did the trial court err in failing to address the sole issue before the court, i.e., the validity of the 'setoff' clause within State Farm's policy, where the parties stipulated that if the clause were unenforceable, Sandra Rizzo would be entitled to the full UIM policy limits available under her father's policy?

4. Did the trial court err in enforcing a modified 'gap' form of UIM coverage in contravention of this court's holding in *Allwein v. Donegal Mutual Ins. Co.*, [448 Pa.Super. 364] 671 A.2d 744, 751 (Pa.Super.1995[1996])?

5. Did the lower court err in holding that the execution of a 'stacking waiver' pursuant to 75 Pa.C.S. § 1738 precludes 'inter-policy' stacking of underinsured motorist benefits?

Appellants' brief at 3.

¶ 7 "When reviewing the decision of the trial court in a declaratory judgment action, our scope of review is narrow." *Pressley v. The Travelers Property & Cas. Corp.*, 817 A.2d 1131, 1137 (Pa.Super.2003), citing *O'Brien v. Nationwide Mutual Insurance Co.*, 455 Pa.Super. 568, 689 A.2d 254, 257 (1997). "Consequently, we are limited to determining whether the trial court's findings are supported by substantial evidence, whether an error of law was committed or whether the trial court

abused its discretion." *Id.*, citing *Walker v. Ehlinger*, 544 Pa. 298, 300 n. 2, 676 A.2d 213, 214 n. 2 (1996).

¶ 8 Nevertheless, where, as here, the parties stipulate to the facts and present the court solely with a question of law such as interpretation of a provision in an insurance policy, our scope of review is plenary. *American Independent Ins. Co. v. E.S.*, 809 A.2d 388, 392 (Pa.Super.2002), citing *Travelers Cas. & Sur. Co. v. Castegnaro*, 565 Pa. 246, 772 A.2d 456 (2001) (holding that interpretation of an insurance policy is a question of law subject to plenary review).

¶ 9 In this case, rather than addressing the issue the parties presented to the court regarding the enforceability of the policy provision set forth *supra,* the court decided the case based upon the insureds' alleged waiver of their right to stack their UM/UIM benefits. We find reversible error based upon the trial court's analysis of the stacking issue. Our reasons follow.

¶ 10 This court recently addressed the issue whether an individual who owns only one vehicle may waive stacking in *In re Insurance Stacking Litigation ("Stacking Litigation")*, 754 A.2d 702 (Pa.Super.2000), *appeal denied sub nom. In re Leed,* 565 Pa. 673, 775 A.2d 807 (2001). In that case, the trial court referred to the Insurance Commissioner several class action suits, consolidated by stipulation of the parties, in which the insureds challenged an insurer's right to charge them for stacked UM/UIM coverage when each of them owned only one vehicle that was insured under one policy. *Id.* at 704.

¶ 11 The Insurance Commissioner issued an opinion in which she found the insurers' practice lawful. As a result, the trial court sustained the insurers' demurrer to the insureds' complaints and insureds' appealed. *Id.* at 705. Two of the issues insureds raised are relevant to the case before us:

whether § 1738 permits insurers to charge persons insuring only one vehicle a premium for stacking; and whether the trial court's interpretation of § 1738 ignores the notice requirement. *Id.*

¶ 12 Section 1738 provides:

**§ 1738. Stacking of uninsured and underinsured benefits and option to waive**

(a) Limit for each vehicle.—When more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage, the stated limit for uninsured or underinsured coverage shall apply separately to each vehicle so insured. The limits of coverages available under this subchapter for an insured shall be the sum of the limits for each motor vehicle as to which the injured person is an insured.

(b) Waiver.—Notwithstanding the provisions of subsection (a), a named insured may waive coverage providing stacking of uninsured or underinsured coverages in which case the limits of coverage available under the policy for an insured shall be the stated limits for the motor vehicle as to which the injured person is an insured.

(c) More than one vehicle.—Each named insured purchasing uninsured or underinsured motorist coverage for more than one vehicle under a policy shall be provided the opportunity to waive the stacked limits of coverage and instead purchase coverage as described in subsection (b). The premiums for an insured who exercises such waiver shall be reduced to reflect the different cost of such coverage.

75 Pa.C.S.A. § 1738(a)-(c).

¶ 13 On appeal, State Farm relies in part upon certain language in the Insur-

ance Commissioner's opinion issued with regard to the issues underlying *Stacking Litigation, supra,* for the proposition that both daughter and father waived stacking and therefore daughter could not obtain benefits under her father's policy. (Appellee's brief at 20–25.) According to State Farm, the Insurance Commissioner found that both inter-policy and intra-policy stacking could be waived pursuant to § 1738, which also required insureds to have an opportunity to waive both forms of stacking. (*Id.* at 24, quoting Insurance Commissioner's opinion.) Furthermore, according to State Farm, the Insurance Commissioner found that individuals with only one vehicle insured under a single policy of insurance could also waive stacking. (*Id.*) Therefore, according to State Farm, because the *Stacking Litigation* court upheld the Insurance Commissioner's opinion, and because both father and daughter purportedly waived stacking of their UIM benefits and thereby reduced their insurance premiums, daughter was precluded from stacking her father's UIM coverage with her own.

¶ 14 State Farm has, however, apparently misread this court's opinion in *Stacking Litigation.* As that court opined:

> In reviewing section 1738 in light of the considerations outlined in [*Pennsylvania Financial Responsibility Assigned Claims Plan v.*] *English,* [541 Pa. 424, 430–431, 664 A.2d 84, 87 (1995)], *and with due deference to the Insurance Commissioner's opinion,* it appears that subsection (a) provides for the stacking of uninsured or underinsured benefits *whenever more than one vehicle is insured under one or more policies.* 75 Pa.C.S.A. § 1738(a), supra. The statute thus allows an injured person to recover the sum of the limits of coverage for each motor vehicle as to which he or she is an insured. *Id.* An insured may therefore stack coverages

not only where more than one vehicle is insured under a policy (intra-policy stacking), but also where more than one vehicle is insured under more than one policy (inter-policy stacking).

*Stacking Litigation,* 754 A.2d at 707–708 (emphasis added) (footnote omitted).

¶ 15 The *Stacking Litigation* court recognized an inherent ambiguity, however, between § 1738(b), which allows an insured to waive stacking, and § 1738(c), which limits those entitled to notice of an opportunity to waive to those who purchased UM/UIM coverage "for more than one vehicle under a policy." *Id.* at 708. Addressing this ambiguity, the *Stacking Litigation* court continued:

> It is nonetheless possible to give effect to the entire statute by construing subsections (b) and (c) together such that *only named insureds who purchase coverage for more than one vehicle under a single policy will be entitled to notice and the opportunity to waive stacking.* This interpretation also is consistent with subsection (d), which prescribes the form to be used to effectuate a stacking waiver. See 75 Pa. C.S.A. § 1738(d) (providing that the named insured is rejecting the stacking of the limits of coverage for each vehicle insured under the policy). Had the legislature intended all named insureds to waive stacking, it would have utilized different language in subsection (d). The fact that it did not do so thus suggests that *the legislature only intended to allow named insureds who have more than one vehicle insured under a policy to waive stacking.*

*Id.* at 708 (emphasis added). Concluding its analysis of this issue, the *Stacking Litigation* court opined:

> As previously discussed, *subsections (b), (c) and (d) must be construed to-*

*gether such that only named insureds who purchase coverage for more than one vehicle under a policy may waive the stacking of uninsured or underinsured benefits.* 75 Pa.C.S.A. § 1738(a), (b), (c) and (d), supra. Section 1738 thus did not require [insurers] to apprise [insureds who owned only one vehicle] of the opportunity to waive stacking.

*Id.* at 709 (emphasis added).

■ ¶ 16 Applying the *Stacking Litigation* court's analysis to the facts of this case, we find that daughter and father could not waive stacking because neither insured more than one vehicle under a policy (intra-policy stacking); in fact, neither possessed more than one vehicle, the very situation the *Stacking Litigation* court addressed. *See Nationwide Mut. Ins. Co. v. Harris,* 826 A.2d 880, 883–884 (Pa.Super.2003) (interpreting the *Stacking Litigation* court's analysis of § 1738 and concluding that an insured may not waive the right to inter-policy stacking; only intra policy stacking may be waived). Thus, despite the fact that State Farm apparently reduced insureds' premiums for their purported "election" to waive stacking, their election was void *ab initio* and therefore unenforceable because it conflicted with the provisions of § 1738 as this court has interpreted it.[4]

¶ 17 Turning then to the provision of the State Farm policy the parties presented to the court and set forth *supra,* we find that it appears to be an attempt to limit an insured's recovery of underinsured benefits to the limit of liability of the highest amount of underinsured coverage available to the insured. Thus, as insureds explain it, if father's policy provided for $25,000 in UIM benefits rather than $15,000, and daughter had already received the $15,000 in UIM benefits under her own policy, this section of the policy would limit daughter's recovery from father's UIM benefits to $10,000. Where, as here, however, father elected only $15,000 in UIM benefits, daughter is entitled to nothing from father's policy under this provision, having already received $15,000 in UIM benefits from her own policy. (Appellants' brief at 7.)

¶ 18 According to insureds, this court expressly rejected such "gap" or modified gap insurance in *Allwein v. Donegal Mut. Ins. Co.,* 448 Pa.Super. 364, 671 A.2d 744, 758 (1996) (*en banc*) (holding that § 1702 of the Pennsylvania MVFRL clearly expresses the policy of this Commonwealth in favor of "excess" versus "gap" insurance, and that neither the insurer nor this court has the power to render that statutory enactment nugatory), *appeal denied,* 546 Pa. 660, 685 A.2d 541 (1996).

¶ 19 In contrast, State Farm relies on this court's decision in *Bowersox v. Progressive Cas. Ins. Co.,* 781 A.2d 1236 (Pa.Super.2001), *appeal denied,* 569 Pa. 714, 806 A.2d 857 (2002), for the proposition that a clause in an insurance contract setting off otherwise available UIM benefits is enforceable. (Appellee's brief at 14.) We find *Bowersox* inapposite, however, as it involved an attempt to receive UIM benefits under the same policy of insurance from which insurer had already paid first party liability benefits.[5]

---

**4.** We need not comment on State Farm's remedy, if any, for unnecessarily reducing insureds' premiums as that issue is not before us.

**5.** Bowersox was killed while riding as a passenger in one of three vehicles involved in an accident. Heather Lyons, who was also killed, was the driver of the vehicle in which Bowersox was a passenger. Heather was not negligent; however, both Heather's brother Joel and Matthew Lytle, who were each driving separate vehicles, were found to be negligent. Both the vehicle Heather was driving and the vehicle her brother was driving were

¶ 20 Finally, we note that in its trial brief and its brief on appeal, State Farm argued that the provision at issue in this case would have allowed daughter to stack her UIM benefits with her father's if she and her father had not waived their right to stack. (Appellee's brief at 20–21.) Because we have found that daughter and father *could not* waive their right to stack, we must necessarily conclude, following State Farm's analysis, that the "other insurance" provision at issue allows daughter to stack father's UIM benefits with her own. (*See* appellee's brief at 20 (stating, "Had [father] elected 'stacking' coverage, the 'other insurance' clause would not apply and his coverage could have been 'stacked' with any other applicable coverage[ ]").)

¶ 21 Having concluded that the "other insurance" clause does not apply to the facts of this case, we need not determine whether or under what circumstances it might be enforceable or unenforceable.

¶ 22 For all of the foregoing reasons, we vacate the order entering declaratory judgment in favor of State Farm and remand for entry of judgment in favor of insured.

¶ 23 Order entering judgment in favor of State Farm is vacated and judgment is entered in favor of insured Sandra Rizzo. Jurisdiction is relinquished.

¶ 24 LALLY–GREEN, J., concurs in the result.

---

insured under the same policy of insurance, issued to their father. Father's insurer tendered the limits of liability under father's policy and Lytle's insurer tendered the limits of liability under Lytle's policy. Bowersox' estate then sought UIM benefits under father's policy in the amount of $50,000. Relying on a set-off provision in the policy, which reduced UIM coverage by the amount of liability coverage already tendered under the policy to the same claimant, father's insurer denied UIM coverage. *Bowersox*, 781 A.2d at 1237–1238.