STATE FARM FIRE AND CASUALTY COMPANY, Appellant,

v.

Randall P. CRALEY, Administrator of the Estate of Jayneann M. Craley, Randall P. Craley, Parent and Natural Guardian of Keith P. Craley, a Minor, and Randall P. Craley, in His Own Right, and Gloria M. Craley and Lawrence W. Craley, Husband and Wife, Appellees.

Superior Court of Pennsylvania.

Argued Dec. 9, 2003.

Filed Feb. 9, 2004.

Reargument Denied April 12, 2004.

Teresa F. Sachs, Philadelphia, for appellant.

BEFORE: KLEIN, BENDER and OLSZEWSKI, JJ.

OPINION BY KLEIN, J.:

¶1 On July 12, 1993, Jayneann Craley was killed in an accident with an uninsured driver. The uninsured driver was responsible for the accident. Her minor son, Keith P. Craley and her mother-in-law, Gloria, were passengers who were injured. Jayneann, Keith, and Gloria lived together, along with Jayneann's husband, Randall Craley. The car which Jayneann was driving was registered to her and insured by State Farm Fire and Casualty. Randall owned another car which was insured separately under a different policy issued by State Farm. The policies for both Jayneann's and Randall's cars each had a waiver of stacking clause and household vehicle exclusion clause.

¶2 In a declaratory judgment action, the trial judge held that neither the household exclusion clause nor the waiver of stacking clauses applied, as they violated public policy, and State Farm had to treat the policies of Jayneann and Randall as stacked policies. We agree that because these were two separate policies, resulting in "inter-policy" stacking, the stacking waiver is not valid. However,

under recent case law, the household vehicle exclusion clause does not violate public policy and therefore State Farm is only liable under Jayneann's policy and need not pay under Randall's policy. Therefore, we reverse.

¶ 3 We certainly recognize that the cases addressing the interplay of the household vehicle exclusion and inter- and intra-policy stacking and what can and cannot be waived are far from models of logic and clarity. However, we believe that these various cases lead to the following conclusions:

1. Whatever the rules relating to stacking, the household vehicle exclusion clause is valid and enforceable, and does not violate public policy. Therefore, if there is a household vehicle exclusion clause, as in the instant case, there is no coverage for any car owned by a resident relative other than the one involved in the accident. The result is that coverages are *not* stacked. *Nationwide Mut. Ins. Co. v. Harris*, 826 A.2d 880 (Pa.Super.2003) (citing *Burstein v. Prudential Property and Casualty Insurance Co.*, 570 Pa. 177, 809 A.2d 204 (2002)).

2. Absent a household exclusion, it violates the statutory scheme to allow waiver of stacking if different cars are insured under different policies ("inter-policy stacking"). For example, if a driver and a passenger live in different households, and both have cars that are insured under policies where stacking is waived, the waiver is invalid and the passenger can recover under the driver's policy and then under the passenger's policy. *State Farm Mut. Auto. Ins. Co. v. Rizzo*, 835 A.2d 359 (Pa.Super.2003) (adopting what might be dictum in the case of *In re Insurance Stacking Litigation*, 754 A.2d 702 (Pa.Super.2000)). The Court reached this result by considering the interplay between 75 Pa. C.S.A. §§ 1738(b) and 1738(c). Section (c) only requires giving the notice of the opportunity to waive stacking "for more than one vehicle under **a** policy." The language is not "for more than one vehicle **under one or more** policies." The Court held that if section (b) were read to allow the waiver of stacking under more than one as well as one policy, there would be no need for section (c) which requires the opportunity to waive stacking "for more than one vehicle under **a** policy"; that would be covered by section (b). *Stacking Litigation*, 754 A.2d at 708.

3. If two cars are insured under the *same* policy, even if there is no household vehicle exclusion, if there is a waiver of stacking, it is effective ("intra-policy stacking"). Only the UIM policy of the car in the accident is payable. *In re Insurance Stacking Litigation, Id.* That is the result of the language in 75 Pa.C.S.A. § 1738(b).

¶ 4 State Farm also argues that *Rizzo* was wrongly decided and the dictum in *In re Insurance Stacking Litigation* is wrong in stating that stacking waivers can only be offered when the vehicles are all insured under the same policy. State Farm argues there is no reason to distinguish between waivers in inter-company and intra-company situations, and those distinctions are not brought up in the statute. While this might be confusing and there might be little reason to make such a distinction, we are bound by *Rizzo*. We likewise sympathize with the position of Judge Kate Ford Elliott who, speaking for the majority, said in *Harris, supra*, she was "hard-pressed to understand" how

there can be a statutory right to allow stacking which cannot be waived in inter-policy situations but allow it to be taken away by a household vehicle exclusion. 826 A.2d at 884.

¶ 5 While we are bound by *Rizzo*, we are forced to question the rationale used there and in *In re Insurance Stacking Litigation*. We believe an alternate interpretation of section 1738, providing meaning to all relevant sections, 1 Pa.C.S.A. § 1921(a), would be:

(1) section 1738(a) presumes stacking for intra- and inter-policy situations;

(2) section 1738(b) states that both intra- and inter-policy may be waived; and

(3) 1738(c) provides that it is mandatory only to inform the insured of the means and manner of waiving intra-policy stacking.

¶ 6 The current interpretation of these sections give force to Section 1738(c) over the clear intent of 1738(b) providing for the option of waiving any type of coverage stacking.

¶ 7 Whether or not all of this presents the most logical scheme, that is what the case law requires and we are bound by the cases until an *en banc* panel of this Court, the legislature, or the Supreme Court decides otherwise.

¶ 8 Order reversed. Case remanded for the entry of declaratory judgment in favor of State Farm. Jurisdiction relinquished.

¶ 9 BENDER, J., files a Concurring and Dissenting Opinion.

CONCURRING AND DISSENTING OPINION BY BENDER, J.:

¶ 1 Although I agree with the result reached by the Majority, I write separately to distance myself from what I conclude is *dicta.* The Majority reaches its decision based on the applicability of the household exclusion to the facts of this case. This resolution is dispositive in this appeal. Nonetheless, almost the entire Opinion goes on to discuss the validity of waiver of "inter-policy" or "intra-policy" stacking. I believe that this analysis is unnecessary, and therefore, I must respectfully dissent.