

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-16-2007

# Haspel v. State Farm Mutl Auto

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3716

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Haspel v. State Farm Mutl Auto" (2007). *2007 Decisions.* Paper 760.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/760

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3716
_____

KENNETH HASPEL; VICKI VINCENT,
Co-Administrators of the Estate of Michael J. Haspel, Deceased

Appellants

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 05-cv-01503)
District Judge:  Honorable Thomas M. Hardiman
_____

Submitted Under Third Circuit LAR 34.1(a)
May 18, 2007

Before:  FISHER and ROTH, *Circuit Judges*, and RAMBO,* *District Judge*.

(Filed: July 16, 2007)
_____

OPINION OF THE COURT
_____

_____

*The Honorable Sylvia H. Rambo, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

RAMBO, *District Judge*.

Appellants, Kenneth Haspel and Vicki Vincent, co-administrators of the estate of Michael J. Haspel, appeal the District Court's dismissal of their complaint against Appellee State Farm Mutual Automobile Insurance Company, for failure to state a claim upon which relief can be granted. Appellants assert that the insured's estate was entitled to stack underinsured motorist (UIM) benefits of $200,000 from one insurance policy onto $100,000 in UIM benefits that State Farm had already paid on another policy. State Farm maintains that stacking of benefits is precluded because the insured waived stacking on the controlling policy, which also contains a household exclusion provision that clearly and unambiguously excludes the insured from coverage. The underlying facts present a question regarding whether the stacking waiver was a knowing waiver of inter-policy stacking. However, because we find that the household exclusion precludes coverage here, we will affirm.

I.

In October 2001,[1] Michael J. Haspel was killed while riding his motorcycle. At the time of his death, Haspel had two insurance policies underwritten by State Farm. One policy insured the motorcycle he had been riding when he died (motorcycle policy). The other policy covered two other vehicles, a Ford Ranger and a Toyota MR2 (automobile

---

[1]Appellants' brief states that Haspel died on October 7, 2001, while Appellee's brief and the District Court's October 2, 2006 memorandum state that Haspel died on October 13, 2001.

policy). Following legal action, Haspel's estate recovered $100,000 from the tortfeasor, as well as $100,000, the maximum UIM benefit available, under the motorcycle policy. State Farm subsequently denied the estate's claim for $200,000 in UIM benefits under the automobile policy (the total of the $100,000 maximum UIM benefit available for each of the two vehicles insured), asserting that Haspel had rejected stacking of UIM benefits under that policy and that the policy contained a household exclusion provision.[2]

Appellants filed suit in the Court of Common Pleas of Washington County, Pennsylvania, on October 7, 2005. Appellee removed the case to the United States District Court for the Western District of Pennsylvania and filed a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim. The District Court stayed the case pending the Pennsylvania Supreme Court's decision in *Craley v. State Farm Fire and Casualty Co.*, 895 A.2d 530 (Pa. 2006), which was decided on April 21, 2006. The District Court subsequently requested additional briefing, and oral argument, which took place on July 19, 2006. On July 19, 2006, the District Court issued an order granting State Farm's motion to dismiss for the reasons stated on the record during oral argument. Appellants' timely appeal of the District Court's final order dismissing the complaint followed.

---

[2]The District Court opinion contains the automobile policy household exclusion language, which states: "THERE IS NO COVERAGE FOR BODILY INJURY TO AN INSURED UNDER COVERAGE W3 [(uninsured / underinsured motorist coverage)]: While occupying a motor vehicle owned by you, your spouse, or any relative if it is not insured for coverage under this policy."

3

II.

The District Court had diversity jurisdiction over Appellants' breach of contract claim pursuant to 28 U.S.C. § 1332. We have jurisdiction over Appellants' appeal from a final order of dismissal under 28 U.S.C. § 1291.

We exercise plenary review over a district court's grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Our standard of review is the same as that applied by the District Court. We are required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to the plaintiff. *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003). In considering whether the complaint survives a motion to dismiss, we review whether it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombly*, – U.S. –, 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984).[3]

---

[3]We note that the District Court quoted the "no set of facts" language of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), when it set forth its legal standard for reviewing a motion to dismiss. Similarly, our prior opinions have regularly cited *Conley*'s "no set of facts" language. However, the Supreme Court, in its recent decision in *Twombly*, expressly stated that *Conley* should not be interpreted as "the minimum standard of adequate pleading to govern a complaint's survival." 127 S. Ct. at 1969. Even if the District Court reached its conclusion based on what we now understand to be an improperly narrow interpretation of *Conley*, we conclude that such error is harmless because we find that the facts alleged here are not "suggestive of illegal conduct" even viewed in light of *Twombly*'s clarification of the motion to dismiss standard. *Id.* at 1969 n.8.

4

III.

The District Court relied primarily on *Craley* in concluding that both Haspel's

waiver of stacking in the automobile policy and the household exclusion provision in the

automobile policy barred recovery of any benefits. Although we agree that *Craley*

provides that Pennsylvania law permits waivers of inter-policy stacking, we question

whether *Craley* supports the conclusion that Haspel's automobile policy contains a

knowing waiver of inter-policy stacking. However, because we agree that the household

exclusion in the automobile policy dictates the result reached in the District Court, and

will affirm on that basis, we need not decide the inter-policy stacking waiver question.

Stacking of UIM benefits and waiver of the same are provided for by Pennsylvania

statute. Section 1738 of the Pennsylvania Motor Vehicle Financial Responsibility Law

(MVFRL) states:

> (a) Limit for each vehicle.–When more than one vehicle is insured under
> one or more policies providing uninsured or underinsured motorist
> coverage, the stated limit for uninsured or underinsured coverage shall
> apply separately to each vehicle so insured. The limits of coverages
> available under this subchapter for an insured shall be the sum of the limits
> for each motor vehicle as to which the injured person is an insured.
>
> (b) Waiver.–Notwithstanding the provisions of subsection (a), a named
> insured may waive coverage providing stacking of uninsured or
> underinsured coverages in which case the limits of coverage under the
> policy for an insured shall be the stated limits for the motor vehicle as to
> which the injured person is an insured.

75 Pa. Cons. Stat. Ann. § 1738.

In *Craley*, which involved similar facts, Jayneann Craley's estate collected UIM benefits provided for in her policy, which was the policy that covered the vehicle involved in the accident. *Craley*, 895 A.2d at 533. The estate then sought UIM benefits under a separate policy held by Jayneann's husband, Randall, which covered a different vehicle. *Id.* The Pennsylvania Supreme Court stated that the terms of Randall's policy, the policy under which the benefits at issue were sought, determined whether and what benefits were available. *Id.* Similarly, here, State Farm has paid the maximum amount of UIM benefits available under the motorcycle policy and Appellants now seek to stack the UIM benefits provided for in the automobile policy. Accordingly, as a threshold matter, *Craley* dictates that the terms of the automobile policy determine whether and what benefits may be available.

With respect to the inter-policy stacking issue, in *Craley*, Randall's policy included a waiver that rejected UIM benefits in exchange for a reduced policy premium. *Id.* at 533-34. The Pennsylvania Supreme Court determined that the stacking waiver in Randall Craley's policy precluded UIM coverage, after expressly rejecting "the premise that Section 1738 does not permit inter-policy stacking waiver." *Id.* at 536. However, the *Craley* court also concluded that § 1738 requires "some form of knowing waiver [to] occur" as a pre-requisite to enforcement of an inter-policy stacking waiver. *Id.* at 541. It reasoned that the waiver in Randall Craley's policy was valid and enforceable because the policy covered only one vehicle; thus, Randall "could not have thought he was receiving a

reduced premium for waiving intra-policy stacking because there could be no intra-policy stacking with only one vehicle on 'the policy.'" *Id.* at 542. The Pennsylvania Supreme Court explicitly noted that when a policy covers multiple vehicles, like the instant automobile policy, it raises questions regarding whether a stacking waiver would be knowing with respect to inter-policy stacking. *Id.* at 542 n. 18. Accordingly, although it is clear that waivers of inter-policy stacking are permissible, it is not clear on the facts of this case whether the automobile policy contains a valid and enforceable waiver of inter-policy stacking.

We need not answer this question, however, because the household exclusion provides a sufficient legal basis for dismissing the complaint. The District Court also looked to *Craley* to determine that the household exclusion precluded coverage. Randall Craley's policy contained a household exclusion, *id.* at 533-34, that was virtually identical to the one contained in the instant automobile policy.[4] However, the focus of the District Court's decision in this regard focused mainly on the decision of the Pennsylvania Superior Court, *State Farm Fire & Cas. Co. v. Craley*, 844 A.2d 573 (Pa. Super. Ct.

---

[4]The household exclusion in *Craley* stated that "[t]here is no coverage for bodily injury to an insured under Coverage U3 [(uninsured motorist coverage)]: (1) While occupying a motor vehicle owned by you, your spouse, or any relative if it is not insured for this coverage under this policy." 895 A.2d at 534.

7

2004),[5] which had followed household exclusion principles set forth in *Prudential*

*Property and Casualty Insurance Co. v. Colbert*, 813 A.2d 747 (Pa. 2002).

"Generally courts must give plain meaning to a clear and unambiguous contract

provision unless to do so would be contrary to a clearly expressed public policy."

*Colbert*, 813 A.2d at 750 (citations omitted). In *Colbert*, the Pennsylvania Supreme Court

considered a household exclusion provision that was substantively identical to the

household exclusion in the instant automobile policy[6] and determined that the exclusion

was clear and unambiguous and not contrary to public policy. 813 A.2d at 755 (holding,

in similar circumstances, that the household exclusion of UIM benefits was "consistent

with the underlying public policy of the MVFRL").

The household exclusion in Haspel's automobile policy squarely rejects coverage

for an accident involving the motorcycle, which was covered under a different policy.

_____

[5]The Pennsylvania Supreme Court declined to address the enforceability of the household exclusion clause in its decision, although it noted that it had previously found such exclusions to be enforceable. *See Craley*, 895 A.2d at 531-32. The Superior Court had agreed with the trial court's finding that inter-policy stacking waiver was invalid, but reversed the trial court's decision that the household exclusion was void as contrary to public policy. *Craley*, 844 A.2d at 573-74. The Pennsylvania Supreme Court reversed the Superior Court's stacking waiver ruling, but did not disturb the Superior Court's household exclusion ruling. *Craley*, 895 A.2d at 532. It affirmed the decision to remand to the trial court for declaratory judgment in favor of the insurance company. *Id.*

[6]The relevant policy language in *Colbert* stated
We will not pay for bodily injury to anyone occupying or struck by a motor vehicle owned or leased by you or a household resident which is not covered under this policy, or if the liability coverage of that vehicle is used to pay any portion of an insured's bodily injury liability claim.
813 A.2d at 751.

Moreover, as we have stated previously, when the vehicle involved in an accident is covered under a separate policy, a valid household exclusion clause "prohibits the 'stacking' of uninsured or underinsured coverage across multiple insurance policies. The claimant may recover under the policy covering the occupied vehicle, but cannot add coverage provided by the policy containing the exclusion." *Nationwide Mut. Ins. Co. v. Hampton*, 935 F.2d 578, 587 (3d Cir. 1991). Accordingly, under Pennsylvania law, the Haspel's automobile policy household exclusion precludes the stacking of UIM benefits sought by Appellants. Therefore, we will affirm the order of the District Court.