J-A31012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AMRO AYMAN ELANSARI | |
| Appellant | No. 773 MDA 2015 |

Appeal from the Judgment of Sentence April 9, 2015
In the Court of Common Pleas of Columbia County
Criminal Division at No(s): CP-19-CR-0000680-2014

BEFORE:  PANELLA, J., LAZARUS, J., and PLATT, J.[*]

JUDGMENT ORDER BY PANELLA, J.          **FILED FEBRUARY 24, 2016**

After a bench trial, the court convicted Appellant, Amro Ayman Elansari, of possession of a small amount of marijuana and imposed as the judgment of sentence a $100.00 fine, as well as to pay the costs of prosecution. Elansari's arrest came as no surprise: He "intentionally lit a joint in front of police officers knowing they would arrest him…." Appellant's Brief, at 1. His aim was to use his arrest and conviction to challenge the constitutionality of 35 P.S. § 780-104(1)(iv), Marihuana. Elansari explains that he wants to be permitted to "smoke marijuana on my balcony…." *Id*., at 9.

---

[*] Retired senior judge assigned to the Superior Court.

In this *pro se* appeal, Elansari claims that the inclusion of marijuana as a Schedule I controlled substance violates his rights to due process under the 5th and 14th Amendments of the United States Constitution. His brief is a rambling diatribe on the alleged virtues of marijuana, particularly what he claims are its medicinal effects.

Apart from the glaring problems with the brief, which we need not catalog here, Elansari concedes that his main argument, concerning the medicinal effects of marijuana, has already been decided by this Court in **Commonwealth v. Waddell**, 61 A.3d 198 (Pa. Super. 2012). He maintains, however, that **Waddell** "can now be re-examined by and through this case." Appellant's Brief, at 4. It cannot. **See**, **e.g.**, **State Farm Fire and Cas. Co. v. Craley**, 844 A.2d 573, 575 (Pa. Super. 2004). The panel in **Waddell** rejected a due process challenge, concluding, "[r]egardless of whether there are accepted medical uses for marijuana in the United States, marijuana remains a Schedule I substance under the Drug Act." 61 A.3d at 207.

Elansari also spends a substantial portion of his brief explaining the pleasure he obtains from smoking marijuana. Simply explaining that an activity gives one pleasure and that it should be protected as a fundamental liberty under the United States Constitution is not a developed legal argument. Thus, we find that argument waived. **See Commonwealth v. Clayton**, 816 A.2d 217, 221 (Pa. 2002) ("[U]ndeveloped claims are waived and unreviewable on appeal."). He also seems to suggest, in his convoluted brief, that he has a religious right to use marijuana. Elansari does not

- 2 -

explain what religion he is referring to, which perhaps is not surprising as he notes that no one "can define my religion for me." Appellant's Brief, at 8. We also find this undeveloped argument waived.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2016