J-S05014-18 & S05015-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN THE INTEREST OF: M.B.-F., A MINOR  IN THE INTEREST OF: S.B., A MINOR  IN THE INTEREST OF: E.C., A MINOR  IN THE INTEREST OF: Z.C., A MINOR | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: G.C., NATURAL MOTHER | : : | No. 1167 WDA 2017 |

Appeal from the Decree July 19, 2017
In the Court of Common Pleas of Blair County Orphans' Court at No(s):
2014 AD 54,
2014 AD 54A, 2014 AD 54B,
2014 AD 54C

| | | |
|---|---|---|
| IN RE: E.S.C., A MINOR | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: K.C., NATURAL FATHER | : : : : : : : | |
| | : | No. 1173 WDA 2017 |

Appeal from the Decree July 19, 2017
In the Court of Common Pleas of Blair County Orphans' Court at
No(s):  2014 AD 54C

| | | |
|---|---|---|
| IN RE: Z.M.C., A MINOR | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: K.C., NATURAL FATHER | : : : : : : : | |
| | : | No. 1174 WDA 2017 |

Appeal from the Decree July 19, 2017
In the Court of Common Pleas of Blair County Orphans' Court at
No(s):   No. 2014 AD 54B

BEFORE:   OLSON, J., OTT, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                              FILED JUNE 08, 2018

G.B.-C. ("Mother") and K.C. ("Father") appeal from the decrees entered on July 19, 2017[1] that granted the petitions filed by Blair County Children, Youth, and Families ("BCCYF" or the "Agency") seeking to involuntarily terminate their parental rights to their children, Z.C. (born in December of 2012) and E.C. (born in June of 2015).  Additionally, Mother appeals from the order that terminated her parental rights to her children, M.B.-F., (a male born in January of 2010), and S.B. (a female born in September of 2011).[2]   Upon review of the record and recent, applicable case law, we are constrained to

_____

* Retired Senior Judge specially assigned to the Superior Court.

[1] The decrees in this matter were dated July 5, 2017, but the trial court clerk did not provide notice pursuant to Pa.R.C.P. 236(b) until July 19, 2017.  Our appellate rules designate the date of entry of an order as "the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.C.P. 236(b)."  Pa.R.A.P. 108(b).  Further, our Supreme Court has held that "an order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given."  Frazier v. City of Philadelphia, 735 A.2d 113, 115 (Pa. 1999).  We have amended the caption accordingly.

[2] The trial court also terminated the parental rights of J.N.F., the father of M.B.-F. and S.B.  J.N.F. is not a party to this appeal, nor did he file a separate appeal from the termination of his parental rights.  See Trial Court Opinion, 10/18/17, at 1 n.1.

- 2 -

vacate the decrees without prejudice and remand this case for further proceedings consistent with this memorandum.

Relevant to the current appeal, we briefly summarize the facts and procedural history of this case as follows. BCCYF has been involved with this family since February 2011, when it first initiated dependency proceedings against Mother and Father regarding M.B.-F. On March 23, 2017, BCCYF filed petitions for termination of parental rights for all the children against Mother and for E.C. and Z.C. against Father. The trial court conducted hearings on June 5, 2017 and July 5, 2017 addressing the termination petitions, as well as conducting a permanency review of the children's dependency. At the beginning of the first hearing, the trial court entered an order appointing Mary Ann Probst, Esquire as legal counsel for the children at the termination proceedings, as well as guardian ad litem for the permanency review. Attorney Probst told the trial court that she was able to represent all four children in her capacity as both legal counsel and guardian ad litem.

Recently, and applicable herein, a panel of our Court issued a published opinion which addressed a child's statutory right to the appointment of legal counsel. See In re K.J.H., __ A.3d __ , 2018 WL 987499 (Pa. Super. 2018). Therein, we examined 23 Pa.C.S.A. § 2313 and our Supreme Court's divided decision in In re Adoption of L.B.M., 161 A.3d 172 (Pa. 2017) and explained that children have a clear statutory right to mandatory appointment of counsel to represent their legal interests in termination of parental rights proceedings.

- 3 -

Because the failure to appoint legal counsel has been deemed a structural error, this Court must raise the failure to appoint statutorily-required legal counsel for children sua sponte,[3] based upon their status as minors.

The L.B.M. Court, however, could not agree as to whether an attorney appointed to represent a child as a guardian ad litem could also represent a child's legal interests.[4]    Justice Wecht, joined by Justices Donohue and Doughtery, believed "the trial court is required to appoint a separate, independent attorney to represent a child's legal interests even when the child's GAL, who is appointed to represent the child's best interests, is an attorney. Justice Wecht would hold that the interests are distinct and require separate representation." In re D.L.B., 166 A.3d 322, 329 (Pa. Super. 2017).

Chief Justice Saylor authored a concurrence in L.B.M., joined by Justice Todd, suggesting that, "a child's legal and best interests may be indistinguishable, including, most notably, cases involving children who are

_____

[3] This author issued a dissent in K.J.H., opining that this Court lacks the authority to raise the issue sua sponte, even if it were a structural error.  See In re K.J.H., at *3.  I continue to express that view, but recognize that I am bound by the majority's decision in K.J.H.  See State Farm Fire & Cas. Co. v. Craley, 844 A.2d 573, 575 (Pa. Super. 2004) ("[W]e are bound by decisions of other panels of this Court until an en banc panel of this Court, the legislature, or the Supreme Court decides otherwise.").

[4] "[A] child's legal interests [] are synonymous with the child's preferred outcome[.]" In re Adoption of L.B.M., 161 A.3d at 174.

- 4 -

too young to express their wishes." L.B.M., 161 A.3d 172, 184 (Pa. 2017) (Saylor, concurring). Chief Justice Saylor opined that, "[i]n such circumstances, mandating the appointment of separate counsel seems superfluous and potentially wasteful." Id. (footnote omitted). Instead, Chief Justice Saylor suggested, "the propriety of permitting the same individual to serve in both capacities[, as guardian ad litem and legal interest counsel,] should be determined on a case-by-case basis, subject to the familiar and well-settled conflict of interest analysis." Id. (Saylor, concurring).

Justice Baer issued a dissent in L.B.M., opining that "it would be a better practice for courts in every contested termination proceeding to place an order on the record formalizing the appointment of counsel to highlight for all parties the responsibility for the representation of the child's legal interests, while simultaneously permitting that attorney to serve as the child's GAL so long as there is no conflict of interest between the child's legal and best interests." Id. at 188 (Baer, dissenting).

Justice Mundy also dissented in L.B.M., opining that she believed the appointment of a guardian ad litem, who is an attorney, satisfies the statutory mandate to appoint legal counsel to represent children in contested termination proceedings. Id. at 191 (Mundy, dissenting).

Thus, "while the [concurring and dissenting opinions in L.B.M.] agreed that the appointment of counsel for [a] child is required in all [termination of parental rights] cases [], they did not join that part of Justice Wecht's opinion

- 5 -

which sought to hold that the [guardian ad litem] may never serve as counsel for the child." In re D.L.B., 166 A.3d at 329. "Rather, such separate representation would be required only if the child's best interests and legal interests were somehow in conflict." Id.

Here, upon review of the record, despite Attorney Probst's assurances to the trial court that she could serve the children as both guardian ad litem and legal counsel, she never advanced the children's legal interests or provided evidence of the children's preferred outcomes in the termination proceedings. Moreover, Attorney Probst did not indicate she was unable to ascertain the children's preferences because of age or level of development. As such, the children were deprived of their statutory right to counsel. Hence, we are constrained to vacate the decrees without prejudice and remand for the appointment of new counsel to represent the children's legal interests. See In re Adoption of T.M.L.M., 2018 WL 1771194, at *4 (Pa. Super. 2018) (remanding for the appointment of separate legal-interests counsel when the guardian ad litem indicated that she could act as both guardian ad litem and legal-interests counsel for the child, but failed to consult with the child or otherwise state the child's preferred outcome on the record). After reviewing the prior proceedings and appropriately consulting with each child,[5]

_____

[5] We recognize that E.C. was only two years old at the time of the termination proceedings and she may be too young to express her own preferred outcome

legal-interests counsel shall notify the orphans' court whether the result of the prior proceedings was consistent with each child's legal interest or whether counsel believes a new hearing is necessary to advocate separate preferred outcomes or placements on their behalf. Id. The orphans' court shall conduct a new hearing only if it serves the "substantive purpose" of providing the children with an opportunity to advance their legal interests through new counsel. Id. If, however, a new hearing is deemed unwarranted, the orphans' court may re-enter the original decrees.

Decrees vacated without prejudice. Case remanded for the appointment of legal counsel and additional proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/8/2018

_____

or placement. Compare In re D.L.B., 166 A.3d at 329 (Pa. Super. 2017) (declining to remand for appointment of additional counsel for eight-month-old child represented by a guardian ad litem, a practicing attorney, because the child's best and legal interests were not in conflict). However, because we are remanding for the appointment of legal counsel for all the other siblings, in the exercise of caution, we believe that counsel should be appointed for E.C., as well. If E.C. is unable to express a preferred outcome, appointed counsel shall notify the trial court as such.