J-S30038-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MATHEW JAMES LYNCH | : | |
| | : | |
| Appellant | : | No. 1861 WDA 2017 |

Appeal from the Judgment of Sentence November 2, 2017
in the Court of Common Pleas of Mercer County Criminal Division
at No(s):  CP-43-CR-0000480-2017

BEFORE:   BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                    **FILED AUGUST 7, 2018**

Mathew James Lynch (Appellant) appeals from his judgment of sentence, wherein, *inter alia*, he was sentenced as a third-time offender pursuant to 75 Pa.C.S. § 3806 for driving under the influence (DUI).  Upon review, we affirm, albeit upon a different basis than the one used by the trial court.[1]

On February 26, 2017, police stopped Appellant's car for a traffic violation.  A breathalyzer test revealed .207 percent alcohol in Appellant's system.  Appellant was arrested, and later charged with one count of DUI – highest rate of alcohol, in violation of 75 Pa.C.S. § 3802(c), along with miscellaneous summary offenses.  On September 11, 2017, via an open plea

_____

[1] "[A]n appellate court is not bound by the rationale of the trial court and may affirm on any basis if the record supports it."  **Commonwealth v. Diaz**, 183 A.3d 417, 421 (Pa. Super. 2018).

_____

* Retired Senior Judge assigned to the Superior Court.

agreement, Appellant pled guilty to DUI – highest rate of alcohol and a summary offense of driving while his operating privilege was suspended. The Commonwealth *nol prossed* the remaining summary offenses.

Appellant and the Commonwealth disagreed as to whether Appellant had one or two "prior offense[s]" pursuant to 75 Pa.C.S. § 3806 (subjecting individuals to harsher grading and sentencing on the current offense if they committed an applicable prior offense and such offense fell into a ten-year-look-back period). At Appellant's sentencing hearing, the trial court heard argument as to whether Appellant should be sentenced as a second- or third-time offender. The parties stipulated that Appellant had one prior offense for a DUI he committed in 2008 (2008 DUI), but disagreed whether a DUI Appellant committed on March 25, 2006 (2006 DUI) constituted a prior offense. On November 9, 2006, Appellant had accepted accelerated rehabilitative disposition (ARD) for the 2006 DUI, but the ARD was revoked approximately three months later. Appellant pled guilty to DUI on April 3, 2007, and was sentenced on May 29, 2007. It is Appellant's contention that the 2006 DUI fell outside the ten-year-look-back period because he accepted ARD more than ten years prior to committing the DUI on February 26, 2017 (2017 DUI).

On November 2, 2017, following the argument on this issue, the trial court determined that Appellant had two applicable prior offenses within ten years and sentenced Appellant as a third-time offender. Specifically, the trial court determined that the 2006 DUI should be included in the ten-year-

look-back period because ARD had been revoked, resulting in Appellant's being sentenced for the 2006 DUI within ten years of his commission of the 2017 DUI. Accordingly, the trial court sentenced Appellant to costs, a mandatory fine of $2,500, and incarceration in county jail for 21 months to 4 years. Appellant timely filed a post-sentence motion, which the trial court denied on November 14, 2017. Appellant timely filed a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises one issue: whether the trial court erred by determining that Appellant had two prior offenses pursuant to 75 Pa.C.S. § 3806 for sentencing purposes under 75 Pa.C.S. § 3804(c). Appellant's Brief at 8. This issue presents a question of statutory interpretation, which is a pure question of law. Accordingly, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Haag***, 981 A.2d 902, 904 (Pa. 2009).

In matters of statutory interpretation, the General Assembly's intent is paramount. ***Commonwealth v. Hacker***, 15 A.3d 333, 335 (Pa. 2011), *citing* 1 Pa.C.S. § 1921(a). The best indication of the legislature's intent is the plain language of the statute. ***In re D.M.W.***, 102 A.3d 492, 494 (Pa. Super. 2014). Only when the words of the statute are ambiguous should a reviewing court seek to ascertain the intent of the General Assembly through considerations of the various factors found in subsection 1921(c) of the Statutory Construction Act. ***Id.*** While normally a reviewing court may construe provisions of statutes liberally, we are required to construe penal

- 3 -

provisions strictly. 1 Pa.C.S. § 1928(b)(1). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b).

In the instant case, regarding the 2017 DUI, Appellant was convicted of DUI – highest rate, pursuant to 75 Pa.C.S. § 3802(c). If an individual has committed a "prior offense," determined according to 75 Pa.C.S. § 3806, the Vehicle Code subjects the individual to harsher grading and sentencing. If the individual has "one or more prior offenses," the current violation of subsection 3802(c) constitutes a misdemeanor of the first degree. 75 Pa.C.S. § 3803(b)(4). If the individual has one prior offense, the current violation of subsection 3802(c) carries a mandatory minimum sentence of 90 days' imprisonment and a fine of $1,500. 75 Pa.C.S. § 3804(c)(2)(i), (ii). If the individual has two or more prior offenses, the current violation of subsection 3802(c) carries a mandatory minimum sentence of one year of imprisonment and a fine of $2,500. 75 Pa.C.S. § 3804(c)(3)(i), (ii).

To determine what constitutes a prior offense for the purposes of grading and sentencing, courts must turn to section 3806.

**§ 3806. Prior offenses**

(a) General rule.--Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean **any conviction for which judgment of sentence has been imposed**, adjudication of delinquency, juvenile consent decree, **acceptance of [ARD]** or other form of preliminary disposition before the sentencing on the present violation for any of the following:

- 4 -

(1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance)[.]

***

(b) Timing.—

(1) For purposes of sections 1553(d.2) (relating to occupational limited license), 1556 (relating to ignition interlock limited license), 3803 (relating to grading), 3804 (relating to penalties) and 3805 (relating to ignition interlock), the prior offense must have occurred:

(i) within 10 years prior to the date of the offense for which the defendant is being sentenced[.]

***

75 Pa.C.S. § 3806 (emphasis added).

There is no dispute that Appellant committed his current offense on February 26, 2017, and that the ten-year-look-back period runs backward from that date. Thus, the applicable period is between February 26, 2007, and February 26, 2017. As described *infra*, Appellant has at least one applicable prior offense during the ten-year-look-back period (*i.e.*, the 2008 DUI). The issue in dispute relates to the 2006 DUI. The trial court determined that because Appellant was sentenced for the 2006 DUI on May 29, 2007, which is during the ten-year-look-back period, the 2006 DUI counted as a prior offense. Appellant maintains that the 2006 DUI is outside the ten-year-look-back period because he accepted ARD on November 9, 2006, and subsection 3806(a) refers to "acceptance of ARD" as the operable date. In other words, the trial court used Appellant's prior sentencing date

to determine whether he had a prior offense, whereas Appellant argues the trial court should have used the date he accepted ARD.

Neither is correct. This Court recently held that "[u]nder subsection [3806](a), a 'prior offense' is defined as '**any**' of the enumerated dispositions … occurring 'before the sentencing on the present violation." **Commonwealth v. Mock**, ___ A.3d ___, 2018 WL 1868626, at *2 (Pa. Super. 2018) (emphasis in original; citing 75 Pa.C.S. § 3806(a)). Subsection 3806(b) narrows the scope of applicable offenses to those occurring "within 10 years prior to the date of the offense for which the defendant is being sentenced." **Id.** at *3 (citing 75 Pa.C.S. § 3806(b)). Thus, the Court held that courts must determine (1) whether the individual previously had committed an offense under section 3802; (2) whether the disposition of the previous section 3802 offense occurred prior to sentencing on the current offense; and (3) whether the disposition of the previous section 3802 offense occurred within ten years prior to the date the defendant committed the current offense.[2] **See id.** Accordingly, the trial court erred by using the date Appellant was sentenced instead of the date of disposition.

_____

[2] The author of this memorandum dissented in **Mock** based upon the author's view that notwithstanding the definition of prior offense set forth in subsection 3806(a), because the legislature also used the term "[e]xcept as set forth in subsection (b)", the phrase "the prior offense must have occurred" in subsection 3806(b) meant that for purposes of sentencing and grading, the pertinent date is the date that the offense occurred, not the offense's disposition date. **See Mock**, ___A.3d at ___, 2018 WL 1868626, at *3-5 (Strassburger, J., dissenting). Nevertheless, this author recognizes
*(Footnote Continued Next Page)*

Thus, the question becomes what is the proper date of disposition for the 2006 DUI. Because Appellant initially accepted ARD but later was convicted of DUI after his ARD was revoked, he had two disposition dates relating to the 2006 DUI – the ARD acceptance date and the conviction date following the ARD revocation. This was also the case in **Commonwealth v. Zampier**, 952 A.2d 1179 (Pa. Super. 2008). Like Appellant, for purposes of determining whether he had a prior offense, Zampier sought to have the sentencing court use the date he accepted ARD, which was outside of the ten-year-look-back period, instead of the date he was convicted of DUI after his ARD was revoked, which was in the ten-year-look-back period. This Court rejected Zampier's attempt to use the ARD acceptance date, stating that because Zampier had been expelled from the ARD program and later pled guilty to DUI, "it is as if [Zampier] had not participated in the ARD program." **Id.** at 1182. This Court determined that the sentencing court needed only to "look to his prior conviction rather than his ARD participation to trigger the imposition of a mandatory minimum sentence." **Id.** The Court rationalized that although Zampier initially avoided prosecution for DUI

_(Footnote Continued)_ _____

that the Court is bound by the majority's decision in **Mock**. **See State Farm Fire & Cas. Co. v. Craley**, 844 A.2d 573, 575 (Pa. Super. 2004) (noting that a three-judge panel of this Court is bound by prior decisions of this Court "until an _en banc_ panel of this Court, the legislature, or the Supreme Court decides otherwise").

by accepting ARD, he did not uphold the bargain; thus, he could not reap the benefit of the bargain he did not uphold. *Id.*

Thus, pursuant to *Mock* and *Zampier*,[3] it is clear that because Appellant did not uphold his end of the bargain by completing ARD

_____

[3] We note that the language of section 3806 was different at the time Zampier was sentenced from the language of section 3806 at the time Appellant was sentenced:

> (a) General rule.—Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean a conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:
>
> > (1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance)[.]
>
> ***
>
> (b) Repeat offenses within ten years.—The calculation of prior offenses for purposes of sections 1553(d.2) (relating to occupational limited license), 3803 (relating to grading) and 3804 (relating to penalties) shall include any conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition within the ten years before the present violation occurred for any of the following:
>
> > (1) an offense under section 3802[.]

75 Pa.C.S. § 3806, *quoted by* *Zampier*, 952 A.2d at 1181.

  In comparing the two versions, there are minor changes to subsection 3806(a) and more substantial changes to subsection 3806(b). However, as explained *infra*, when interpreting the current version of subsection 3806 in *Mock*, this Court held that notwithstanding the phrase "[e]xcept as set forth

*(Footnote Continued Next Page)*

- 8 -

successfully, and one of the enumerated dispositions in section 3806 (*i.e.*, his conviction on April 3, 2007) occurred within the ten-year-look-back period, the trial court properly sentenced Appellant as a third-time offender.

Appellant's reliance on **Commonwealth v. Bowers**, 25 A.3d 349 (Pa. Super. 2011) is unavailing.  In **Bowers**, this Court held that Bowers could be sentenced as a second-time DUI offender because he had accepted ARD within the ten-year-look-back period, even though he ultimately was acquitted of DUI after the ARD was revoked.  Appellant argues this means that once a defendant enters ARD, the ultimate disposition is no longer relevant and courts cannot use the ultimate disposition for repeat offender sentencing purposes.  This argument is unpersuasive.  Appellant is correct that this Court held that "the fact that Bowers was ultimately innocent of the charges leading to his ARD acceptance does not dictate whether he was a first-time DUI offender for sentencing purposes, since the eventual disposition of those charges is irrelevant."  **Id.** at 354.  Nevertheless, in so holding, this Court specifically distinguished **Zampier**.  Unlike Zampier's situation (and unlike Appellant's situation), Bowers's ARD withdrawal came

*(Footnote Continued)* ────────────────

in subsection (b)," other than timing restrictions, subsection 3806(b) does not alter the definition of the phrase "prior offense" set forth in subsection 3806(a) as the enumerated dispositions.  **Mock**, ___A.3d at ___, 2018 WL 1868626, at *3.  Thus, given that holding, none of the changes to section 3806 affects the interpretation espoused in **Zampier** or its application to this case, as both versions of subsection 3806 list a conviction and acceptance of ARD as an enumerated disposition.

after and because of his second DUI offense, and both the ARD withdrawal and the acquittal disposition occurred within the ten-year-look-back period. *Id.* at 357-58. Thus, **Bowers** did not overrule **Zampier**, and **Zampier** still controls the instant case.

Moreover, we note that subsection 3806(a) uses the disjunctive in listing the enumerated dispositions. **See** 75 Pa.C.S. § 3806(a) (directing courts to consider, *inter alia*, **any** conviction for which judgment of sentence has been imposed **or** ARD acceptance). Appellant points to nothing in the statute that requires courts to ignore an applicable disposition that occurs within the ten-year-look-back-period. Thus, the trial court properly sentenced Appellant as a third-time offender.

Judgement of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2018

- 10 -