COMMONWEALTH of Pennsylvania,
Appellee,

v.

William TUSTIN, Appellant.

Superior Court of Pennsylvania.

Submitted May 16, 2005.

Filed Nov. 15, 2005.

George N. Zanic, Huntingdon, for appellant.

Robert B. Stewart, III, Asst. Dist. Atty., Huntingdon, for Com., appellee.

BEFORE: JOYCE, OLSZEWSKI, and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 Appellant, William Tustin, appeals from the judgment of sentence entered in the Huntingdon County Court of Common Pleas, following his guilty plea to driving under the influence of alcohol ("DUI") at the "highest rate of alcohol." [1] Appellant asks us to consider whether the trial court erred by applying the new ten-year "look-back" period of Section 3806(b) of the Vehicle Code, and not the now-repealed Section 3731(e) seven-year "look-back" period in effect at the time of Appellant's prior DUI conviction. We hold the trial court properly sentenced Appellant under the ten-year "look-back" period, and its application of Section 3806(b) did not violate Appellant's due process rights. Accordingly, we affirm the judgment of sentence.

¶ 2 The relevant facts and procedural history of this case are as follows. Appellant was arrested on May 23, 2004 for DUI. On September 24, 2004, Appellant pleaded guilty. On January 5, 2005, the trial court conducted a sentencing hearing, during which the court learned Appellant had previously been convicted of DUI on May 24, 1996. The court treated Appellant as a second-time DUI offender pursuant to the recently-enacted Section 3806(b), sentenced him to ninety days' to five years' incarceration, imposed a fine of $1,500, and imposed other costs and penalties not relevant to our consideration. Appellant did not file post-sentence motions. This appeal followed.

¶ 3 Appellant presents the following issue for our review:

DOES THE TEN (10) YEAR "LOOK–BACK" PERIOD FOR PRIOR OFFENSES AND ENHANCEMENTS PURSUANT TO 75 PA.C.S. § 3806(B) DENY [APPELLANT] OF HIS DUE PROCESS RIGHTS, WHERE UNDER THE "OLD" DUI LAW, ENACTED AT THE TIME OF [APPELLANT'S] PRIOR OFFENSE, HE HAD AN EXPECTATION THAT AFTER SEVEN (7) YEARS HIS OFFENSE COULD NOT BE USED AGAINST HIM, AND [APPELLANT] HAD, IN FACT, COMPLETED THE SEVEN (7) YEAR "LOOK–BACK" PERIOD AT THE TIME OF HIS SUBSEQUENT OFFENSE?

(Appellant's Brief at 7).[2]

■ ¶ 4 Appellant argues his due process rights were violated because he com-

---

1. 75 Pa.C.S.A. § 3802(c). Appellant's blood-alcohol concentration was stipulated to be 0.27%. (Trial Court Opinion, filed 2/25/05, at 2).

2. Appellant argues only that his due process rights were violated. In its Pennsylvania

Rules of Appellate Procedure Rule 1925(a) opinion, the trial court addressed the issue as an *ex post facto* claim. Because Appellant does not now raise an *ex post facto* claim, we do not address any *ex post facto* issues.

pleted all sentences for his 1996 DUI conviction. Appellant asserts it is unconstitutional to apply the ten-year "look-back" period of Section 3806(b) of the Vehicle Code when he has already completed the seven-year "look-back" period under the now-repealed Section 3731(e). Appellant avows the relevant seven-year period of Section 3731, in which he was prohibited from driving while intoxicated in order to avoid second-offender status, ended when Section 3731(e) was still in effect. Appellant avers his conviction was improperly graded as a first-degree misdemeanor.[3] Appellant concludes he was deprived of his due process rights. We disagree.

▮ ¶ 5 Initially, we note Appellant's issue challenges the legality of his sentence. *See Commonwealth v. Sanchez*, 848 A.2d 977, 986 (Pa.Super.2004) (stating allegation of improper gradation of offense implicates legality of sentence). Therefore, his failure to file post-sentence motions does not result in waiver of his issue on appeal. *See Commonwealth v. Kitchen*, 814 A.2d 209, 214 (Pa.Super.2002), *affirmed*, 576 Pa. 229, 839 A.2d 184 (2003). When an appellant challenges the constitutionality of a statute, the appellant presents this Court with a question of law. *See Commonwealth v. Atwell*, 785 A.2d 123, 125 (Pa.Super.2001) (citation omitted). Our consideration of questions of law is plenary. *See id.*[ ] at 125 (citation omitted). A statute is presumed to be constitutional and will not be declared unconstitutional unless it clearly, palpably, and plainly violates the constitution. *See Commonwealth v. Etheredge*, 794 A.2d 391, 396 (Pa.Su-

per.2002) (citations omitted). Thus, the party challenging the constitutionality of a statute has a heavy burden of persuasion. *See id.*[ ] at 396 (citation omitted). *Commonwealth v. Howe*, 842 A.2d 436, 441 (Pa.Super.2004). "A statute will not be declared unconstitutional unless it clearly, palpably, and plainly violates the Constitution [of the United States or this Commonwealth]; all doubts are to be resolved in favor of a finding of constitutionality." *Commonwealth v. Mayfield*, 574 Pa. 460, 466, 832 A.2d 418, 421 (2003) (citing *Commonwealth v. Hendrickson*, 555 Pa. 277, 281, 724 A.2d 315, 317 (1999)).

▮ ¶ 6 There is no constitutional violation in applying a recidivist sentencing statute against a second-time offender that had been amended after his first conviction. *Commonwealth v. Grady*, 337 Pa.Super. 174, 486 A.2d 962, 965 (1984). A new statute does not violate due process if a man of common intelligence can understand its meaning. *See Mayfield, supra* at 467, 832 A.2d at 422 (citing *Commonwealth v. Heinbaugh*, 467 Pa. 1, 5, 354 A.2d 244, 246 (1976)). Due process is satisfied if the statute provides reasonable standards by which a person may gauge his future conduct. *See id.* (citing *Heinbaugh, supra* at 5, 354 A.2d at 246). "[T]he enhanced punishment imposed for [a] later offense is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes, but instead as 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one.'" *Witte v. United States*, 515 U.S. 389, 400, 115 S.Ct. 2199, 2206, 132 L.Ed.2d 351, 364 (1995) (quoting *Gryger v.*

---

**3.** Section 3803(b)(4) provides, appellants with one prior offense who are convicted of violating Section 3802(c) are guilty of a misdemeanor in the first degree, for which the maximum term of imprisonment is five years. 75 Pa.C.S.A. § 3803(b)(4); 18 Pa.C.S.A.

§ 1104. Instantly, Appellant alleges he is guilty of Section 3803(b)(2), which provides he would be guilty of a misdemeanor, but subject to a maximum sentence of not more than six months' imprisonment. *See* 75 Pa. C.S.A. § 3803(b)(2).

*Burke,* 334 U.S. 728, 732, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948)). The consideration of an appellant's prior convictions in enhancing a sentence does not violate due process or other constitutional challenges. *See Commonwealth v. Arriaga,* 422 Pa.Super. 52, 618 A.2d 1011, 1013–14 (1993) (citing *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980)) (stating recidivist statutes do not violate due process nor constitute cruel and unusual punishment).

¶ 7 Section 3806(b) of the Vehicle Code provides:

> The calculation of prior offenses for purposes of sections 1553(d.2) (relating to occupational limited license), 3803 (relating to grading) and 3804 (relating to penalties) shall include any conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition within the ten years before the present violation occurred for any of the following:
>
> > (1) an offense under section 3802;
> >
> > (2) an offense under former section 3731;
> >
> > (3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or
> >
> > (4) any combination of the offenses set forth in paragraph (1), (2) or (3).

75 Pa.C.S.A. § 3806(b). Former Section 3731(e), which was in effect until January 31, 2004, provided in pertinent part:

> Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree, except that a person convicted of a third or subsequent offense is guilty of a misdemeanor of the first degree, and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

> > \* \* \*
>
> > (ii) Not less than 30 days if the person has previously accepted Accelerated Rehabilitative Disposition or any other form of preliminary disposition, been convicted of, adjudicated delinquent or granted a consent decree under the Juvenile Act (42 Pa.C.S. § 6301 et seq.) based on an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

75 Pa.C.S.A. § 3731(e) (1996).

¶ 8 Instantly, Section 3806(b), which altered the "look-back" period from seven to ten years, became effective on February 1, 2004, more than three months before Appellant was arrested for the instant DUI conviction. The trial court's application of Section 3806(b) did not further punish Appellant for his 1995 offense, but created a penalty for his 2004 offense. *See Witte, supra; Grady, supra.* Therefore, Appellant had notice of this statute and its effects at the time of his 2004 arrest. *See Mayfield, supra.* The statute is clearly written and not vague, and since Appellant had notice of this amendment altering the "look-back" period, he could properly gauge his future conduct. *See id.* Contrary to Appellant's argument, due process does not require an appellant to receive notice of when he may once again commit the same violation in the future. *Cf. Witte, supra.*

¶ 9 Furthermore, Appellant mistakenly relies on *Commonwealth v. Godsey,* 342 Pa.Super. 24, 492 A.2d 44 (1985), for the proposition that his situation warrants the dismissal of his 1996 offense. In *Godsey,* the appellant completed the Accelerated Rehabilitation Disposition ("ARD") Program, and as a result, his charges were dismissed. *Id.* at 47. Subsequently, new legislation was enacted stating that offenses resolved through ARD would be

considered convictions for purposes of grading future offenses. *Id.* This Court held the new legislation did not apply retroactively. *Id.* Since the appellant agreed to enter ARD before the statute treated a criminal charge disposed by completion of ARD as a conviction, the Court determined his post-ARD offense was his first offense. *Id.* The Court reasoned the appellant's due process rights would otherwise be violated by construing his previously dismissed charge into a conviction. *Id.* Furthermore, the *Godsey* Court determined "look-back provisions" do not increase penalties for prior **convictions**. *See id.* at 46; *see also Commonwealth v. Frost,* 342 Pa.Super. 173, 492 A.2d 448, 450–51 (1985) (emphasizing *Grady* still applied and limiting holding specifically to ARD cases).

¶ 10 Here, Appellant's situation would be distinguishable from *Godsey.* Appellant does not claim his previous DUI conviction from 1996 is a previously dismissed charge that is now being treated as a conviction. As the *Godsey* Court clearly stated, new "look-back provisions" may properly include previous convictions. *See id.* Therefore, we conclude Appellant's due process claim would be without merit.

¶ 11 Based on the foregoing, we hold an appellant who was convicted while the "look-back" provision of former Section 3731(e) was in effect, remains subjects to the ten-year "look-back" period required by Section 3806(b) even if the Section 3731(e) period has expired. Appellant was not denied his due process rights, because he was put on notice of the increased "look-back" period when Section 3806(b) was enacted. Accordingly, we would affirm the judgment of the trial court.

¶ 12 Judgment of sentence affirmed.