**COMMONWEALTH of Pennsylvania**

v.

**Michael S. ZAMPIER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 14, 2008.

Filed June 26, 2008.

Arthur D. Agnellino, Athens, for appellant.

Daniel J. Barrett, Asst. Dist. Atty., Towanda, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J., SHOGAN and COLVILLE,* JJ.

OPINION BY FORD ELLIOTT, P.J.:

¶ 1 Michael S. Zampier appeals from the judgment of sentence dated July 2, 2007, and entered July 3, 2007, in the Court of Common Pleas of Bradford County. The sole issue presented on appeal is whether the trial court correctly determined that the instant offense was appellant's second driving under the influence ("DUI") violation for gradation and sentencing purposes in accordance with 75 Pa.C.S.A. § 3806. We affirm.

¶ 2 A review of the case history is crucial in our determination of the outcome. On April 18, 1996, appellant entered the accelerated rehabilitative disposition ("ARD") program as a result of being charged with DUI. On January 17, 1997, the ARD was revoked. Appellant entered a guilty plea on March 18, 1997 and was sentenced on April 14, 1997.

¶ 3 Thereafter, on October 28, 2006, he was charged with the instant DUI offense. On February 15, 2007, pursuant to a plea agreement, appellant entered a guilty plea to DUI (general impairment, refusal) and possession of a small amount of marijuana. One of the terms of the plea was that there were no other DUI convictions within the ten year look-back period. The court ordered a pre-sentence report and scheduled a sentencing hearing. Both parties filed briefs stating appellant's acceptance of

ARD on April 18, 1996 should be considered the date of his conviction and this date is outside the ten year look-back period. (See Dockets # 13, # 14.)[1] On May 1, 2007, the trial court disagreed and found the 2006 offense must be graded as a misdemeanor of the first degree, being a second offense within the ten year look-back period. Thus, the court refused to accept the plea and deemed the plea withdrawn. (Docket # 16.)

¶ 4 A bench trial was held on May 24, 2007. Based upon the parties' stipulated facts, the court found appellant guilty of DUI (general impairment, refusal) and guilty of possession of a small amount of marijuana. By order filed May 25, 2007, the court found as a matter of law that the DUI should be graded as a misdemeanor of the first degree.[2] (Docket # 22.) On July 2, 2007, appellant was sentenced as a second time offender to a term of imprisonment of nine months to three years. He was also directed to pay fines and costs. (Docket # 4.) Appellant filed a notice of appeal on July 13, 2007. Pursuant to the trial court's order, appellant filed a timely concise statement of matters complained of on appeal on July 24, 2007. The trial court filed a Rule 1925(a) opinion on December 31, 2007.

¶ 5 On appeal, appellant argues the trial court erred sentencing him as a second time offender applying the ten-year "look back period" under 75 Pa.C.S.A. § 3806(b). Appellant posits that for purposes of calculating his repeat offender status, the court should have used the date of his acceptance into ARD, April 18, 1996,

---

* Retired Senior Judge assigned to the Superior Court.

1. The Commonwealth has since changed its position. (See Commonwealth's brief at 5.)

2. By a separate order, also filed May 25, 2007, the trial court granted the Commonwealth's motion to dismiss six additional counts that had been filed against appellant.

rather than the date when he was sentenced on the revoked ARD, April 14, 1997. (Appellant's brief at 4.) We agree with the trial court that appellant should not benefit from a bargain that he could not adhere to; the trial court properly considered appellant's conviction on April 14, 1997 on the revoked ARD when it sentenced him as a second time offender. (*See* trial court opinion, 12/31/07 at 2.)

¶ 6 Generally, the "[i]mposition of sentence is vested within the discretion of the sentencing court and will not be disturbed by an appellate court absent a manifest abuse of discretion." *Commonwealth v. Griffin,* 804 A.2d 1, 7 (Pa.Super.2002) (citation omitted). Appellant's issue, however, challenges the legality of his sentence. *See Commonwealth v. Sanchez,* 848 A.2d 977, 986 (Pa.Super.2004) (stating allegation of improper gradation of offense implicates legality of sentence). "[T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." *Commonwealth v. Williams,* 868 A.2d 529, 532 (Pa.Super.2005), *appeal denied,* 586 Pa. 726, 890 A.2d 1059 (2005) (citations omitted). Therefore, his failure to file post-sentence motions does not result in waiver of his issue on appeal. *See Commonwealth v. Dinoia,* 801 A.2d 1254, 1257 (Pa.Super.2002) (explaining that inquiry into the legality of a sentence is non-waivable).

¶ 7 This case concerns the sentencing court's interpretation of the mandatory minimum sentencing provisions set forth in Section 3806 of the Vehicle Code. In relevant part, the section provides:

(a) **General rule.**—Except as set forth in subsection (b), the term 'prior offense' as used in this chapter shall mean a conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:

(1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);

. . . .

(b) **Repeat offenses within ten years.**—The calculation of prior offenses for purposes of sections 1553(d.2) (relating to occupational limited license), 3803 (relating to grading) and 3804 (relating to penalties) shall include any *conviction,* adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other *form of preliminary disposition within the ten years before the present violation occurred* for any of the following:

(1) an offense under section 3802;

75 Pa.C.S.A. § 3806(a), (b) (emphasis added). The purpose of Section 3806(b) is to provide courts with a means to determine whether the defendant has prior offenses within the look-back period and, therefore, whether the mandatory sentences relating to the prior offenses apply. We find that a plain reading of the statute indicates the trial court correctly treated this case as a second DUI offense for sentencing purposes as appellant has a conviction on his record due to the revocation of his ARD placement, and it is as if ARD never occurred.

¶ 8 Appellant relies on *Commonwealth v. Becker,* 366 Pa.Super. 54, 530 A.2d 888 (1987), *appeal denied,* 520 Pa. 586, 551 A.2d 213 (1988), wherein an *en banc* court, in interpreting the sentencing provisions of the Drunk Driving Act, 75 Pa.C.S.A. § 3731, held that one who has been accept-

ed into, but has not completed, an ARD program is deemed to have a "conviction" for purposes of sentencing in the event of a later offense. The *Becker* court held that pursuant to the express terms of 75 Pa.C.S.A. § 3731(e)(2), "a defendant who is convicted of drunk driving after having accepted ARD to avoid prosecution for an earlier drunk driving charge must be sentenced as a repeat offender—whether or not he has ever completed the ARD program." *Id.* at 893. Appellant therefore argues that his acceptance into the ARD program should be used for purposes of the look-back period, and his acceptance is outside the ten-year window.

¶ 9 We find the factual pattern of *Becker* to be significantly different from the case *sub judice*, and therefore find the case inapplicable. Becker, like appellant, accepted ARD in relation to his first DUI offense. However, within one week after acceptance into ARD, Becker was again arrested and charged with driving under the influence of alcohol. He pleaded guilty to the most recent offense and, as a consequence, faced *possible* expulsion from the ARD program and *could have been* forced to stand trial in connection with the first incident. At sentencing for the most recent offense, Becker was sentenced as a first time offender.

¶ 10 On appeal, this court reversed and found that Becker's acceptance into ARD prior to the commission of the principal offense had the effect of a prior conviction pursuant to the plain reading of the statute. The court explained that the statute clearly equates "acceptance of ARD" with a "conviction" for recidivist sentencing purposes. *Id.* at 894. *See also Lihota v. Commonwealth,* 811 A.2d 1117 (Pa. Cmwlth.2002) (ARD acceptance, even if revoked and subsequently resulting in an acquittal, has been held to be a "prior

conviction" for a habitual offender determination for driving license suspension).

■ ¶ 11 Instantly, appellant *was* actually expelled from the ARD program and *pled guilty* to his 1996 offense. Thereafter, he was *sentenced* accordingly *before* he committed the most recent DUI. Thus, unlike the situation in *Becker,* there was an actual conviction to be accounted for within the ten year look-back period—not just the possibility of expulsion and/or acquittal. Herein, it is as if appellant had not participated in the ARD program once he was expelled and later pled guilty to the 1995 infraction. He was sentenced for his prior DUI offense, and the court need only look to his prior conviction rather than his ARD participation to trigger the imposition of a mandatory minimum sentence. The plain language of the statute mandates that acceptance of ARD constitutes the *equivalent* of a conviction for purposes of determining whether a person would be designated a habitual offender. Herein, we need not look to the equivalent as appellant has an actual conviction within the ten year look-back period.

¶ 12 Again, appellant violated the term of ARD and was put back into the criminal justice system as though ARD had never occurred. To agree with appellant's theory on appeal would be to ignore his conviction which resulted from his ARD being revoked. The court explained in *Becker* the actual "exchange" or "deal" inherent in accepting the ARD program.

> When [Becker] entered ARD, he struck a deal with the state in order to avoid prosecution on the initial drunk driving charge. He stood ready to accept the benefits of participating in ARD. He then violated the terms of ARD. He now seeks to avoid the predictable consequences of his actions.

*Becker, supra* at 892–893. Common sense dictates that appellant should not receive

the benefit of the 1996 bargain he could not uphold.

¶ 13 Judgment of sentence affirmed.