COMMONWEALTH of Pennsylvania,
Appellee

v.

William Joseph LOVE, Appellant.

Superior Court of Pennsylvania.

Submitted June 16, 2008.
Filed Sept. 19, 2008.

Robert J. Donatoni, West Chester, for appellant.

Nicholas J. Casenta, Jr., Assistant District Attorney, West Chester, for Commonwealth, appellee.

BEFORE: ORIE MELVIN, KLEIN, and FITZGERALD,* JJ.

OPINION BY FITZGERALD, J.:

¶ 1 Appellant, William Joseph Love, appeals from the judgment of sentence entered in the Chester County Court of Common Pleas. Appellant asks us to determine whether the trial court erred by sentencing him as a repeat offender for his second driving under the influence (DUI) conviction because, as a result of his decision to accept accelerated rehabilitative disposition (ARD), Appellant had not been sentenced on his first DUI offense when he committed the instant offense. We hold that, despite its subsequent revocation, the trial court properly considered his acceptance of ARD as a prior offense occurring within the ten-year look-back peri-

od pursuant to Section 3806(b) of the Motor Vehicle Code. *See* 75 Pa.C.S. § 3806(b). Accordingly, we affirm.

¶ 2 On the night of February 24 or morning of February 25, 2006, around midnight, Appellant was placed under arrest and charged with Driving Under the Influence,[1] DUI (Minors)[2] and Careless Driving,[3] all of which are hereinafter referred to as the "first offense." On June 1, 2006, the Commonwealth approved Appellant's entry into the ARD program. On June 13, 2006, the trial court accepted Appellant into ARD. On September 16, 2006, seven months after he committed the first offense and only three months after he was accepted into ARD, Appellant was arrested and charged with DUI-related offenses, all of which are hereinafter referred to as the "second offense." On March 15, 2007, as a result of the second offense, the Commonwealth petitioned the court to remove Appellant from the ARD program. On March 16, 2007, the Commonwealth's petition was granted.

¶ 3 On September 24, 2007, after a two-day, non-jury trial on his second offense, the trial court found Appellant guilty of one count of DUI (Minors), and one count of Driving Under Suspension (DUI-related).[4] On November 1, 2007, Appellant, having been removed from ARD the previous March, pleaded guilty on his first offense to violating Section 3802(e), and was sentenced that day to a term of forty-eight hours' to six months' confinement as part of his negotiated plea.

¶ 4 On November 15, 2007, Appellant was sentenced on his second offense. The trial court determined that Appellant's prior acceptance into ARD qualified as a

---

* Former Justice specially assigned to Superior Court.

1.  75 Pa.C.S. § 3802(a).

2.  75 Pa.C.S. § 3802(e).

3.  75 Pa.C.S. § 3714(a).

4.  75 Pa.C.S. § 1543(b)(1).

"previous conviction" for purposes of applying the recidivist enhancement at 75 Pa.C.S. § 3804(b)(2), although Appellant's ARD status was revoked. The trial court also determined that Appellant's

> "first offense" (2/24–25/06), committed prior to the commission of the offense for which he was being sentenced (his "second offense" on 9/16/06), but on which he was not convicted and sentenced until 11/1/07, more than a year after the commission of the "second offense" (9/16/06), fell within the relevant look back period set forth at 75 Pa.C.S. § 3806 for determining predicate offenses for purposes of applying the recidivist enhancement at § 3804(b).

Trial Ct. Op. at 2. This timely appeal followed.

¶ 5 Appellant raises the following question for our review:

> Whether the trial court erred in treating the sentencing on the conviction in this matter as a second offense when, at the time of arrest in this matter, there had yet to be sentencing on any prior DUI offense[?]

Appellant's Brief at 4.

¶ 6 For clarity, a timeline of Appellant's case is provided as follows:

> *February 24–25, 2006:* Date of first offense.
>
> *June 13, 2006:* Accepted into ARD
>
> *September 16, 2006:* Date of second offense.
>
> *March 16, 2007:* ARD revoked.
>
> *September 24, 2007:* Found guilty of second offense.
>
> *November 1, 2007:* Pleaded guilty to first offense and sentenced.
>
> *November 15, 2007:* Sentenced on second offense.

■ ¶ 7 Appellant argues that the ARD program is not a conviction for purposes of Section 3804(b)(2). According to Appellant, his mere acceptance into, and dismissal from, the Chester County ARD program cannot be considered as a first-offense DUI. He further contends that the look-back period of Section 3806(b) must begin when he received his sentence of imprisonment for the first conviction, rather than when he accepted the terms of ARD to avoid prosecution on the first offense. We disagree.

■ ¶ 8 Generally, the "[i]mposition of sentence is vested within the discretion of the sentencing court and will not be disturbed by an appellate court absent a manifest abuse of discretion." *Commonwealth v. Griffin*, 804 A.2d 1, 7 (Pa.Super.2002). A challenge to a sentencing court's application of a mandatory sentencing provision, however, implicates the legality, not the discretionary, aspects of sentencing. *See Commonwealth v. Vasquez*, 560 Pa. 381, 385, 744 A.2d 1280, 1282 (2000). "[T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." *Commonwealth v. Williams*, 868 A.2d 529, 532 (Pa.Super.2005), appeal denied, 586 Pa. 726, 890 A.2d 1059 (2005).

■ ¶ 9 Instantly, we examine the sentencing court's interpretation of the mandatory minimum sentencing provisions set forth in Section 3806(a) and (b) of the Vehicle Code. When the language of a statute is clear and unambiguous, the judiciary must read its provisions in accordance with their plain meaning and common usage. *Commonwealth v. Bell*, 512 Pa. 334, 516 A.2d 1172, 1175 (1986). In relevant part, the section provides:

> (a) **General rule**-Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean a conviction, adjudication of delinquency,

juvenile consent decree, **acceptance** of Accelerated Rehabilitative Disposition or other form of preliminary disposition **before the sentencing on the present violation** for any of the following:

(1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);

\* \* \*

**(b) Repeat offenses within ten years**-The calculation of prior offenses for purposes of sections 1553(d.2) (relating to occupational limited license), 3803 (relating to grading) and 3804 (relating to penalties) shall include any conviction, adjudication of delinquency, juvenile consent decree, **acceptance** of Accelerated Rehabilitative Disposition or other form of preliminary disposition within the ten years before the present violation occurred for any of the following:

(1) an offense under section 3802[.]

75 Pa.C.S. § 3806(a)(1), (b)(1) (emphases added). "[S]ection 3806(a) is the benchmark for determining when a prior violation is to be considered a prior offense. The purpose of section 3806(b) is to merely provide courts with a means to determine which prior offenses occurred within the ten-year look-back period of the present violation." *Commonwealth v. Nieves*, 935 A.2d 887, 889 (Pa.Super.2007), *appeal denied*, —— Pa. ——, 951 A.2d 1162 (2008).

¶ 10 The plain language of the statute clearly sets forth that acceptance of ARD, or other forms of preliminary dispositions, constitutes the equivalent of a conviction for sentencing purposes. *See, e.g., Commonwealth v. Becker*, 366 Pa.Super. 54, 530 A.2d 888 (1987) *(en banc)* (examining the plain meaning and straightforward application of the predecessor to Section 3806, Section 3731(e)(2), and concluding that acceptance of ARD qualified as a previous conviction for sentencing purposes).[5] This Court, in *Commonwealth v. Pleger*, 934 A.2d 715 (Pa.Super.2007), concluded that "[S]ections 3806(a) and (b) indicate, similar to the previous statutory framework, that ARD is to be considered a prior offense for purposes of determining penalties for repeat DUI infractions." *Id.* at 717. Therefore, this Court has already determined that, under Section 3806, ARD must be considered a conviction for sentencing purposes. *Id.* at 718. *See also Commonwealth v. Potts*, 352 Pa.Super. 299, 507 A.2d 1239, 1241 (1986) (finding that trial court erred for failing to recognize ARD as a prior offense for sentencing purposes).

¶ 11 A plain reading of Section 3806 illustrates that acceptance, and not fulfillment, of ARD qualifies as a predicate offense for DUI-recidivist enhancement purposes. Moreover, the Comment to Pa. R.Crim.P. 312, which provides rules for the court hearing and explanation of the

---

**5.** *Commonwealth v. Kimmel*, 523 Pa. 107, 565 A.2d 426 (1989), upon which, along with *Becker*, Appellant relies primarily for relief, considered matters which arose under Section 3731(e)(2) of the old DUI statute, which was repealed and replaced with new DUI provisions. The relevant text of Section 3731(e)(2) reads similarly to current Section 3806: "[I]f the person has previously **accepted** Accelerated Rehabilitative Disposition or any other form of preliminary disposition...." *See* 75 Pa.C.S. § 3731(e)(2) (emphasis added), *repealed by* 2003, Sept. 30, P.L. 120, No. 24, § 14, effective February 1, 2004; *compare with* 75 Pa.C.S. § 3806 ("[T]he term 'prior offense' as used in this chapter shall mean a conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation."). Accordingly, even though they are (continued ...) not dispositive, we find *Kimmel* and *Becker* influential to our analysis of Section 3806.

ARD program, states: "[A]lthough acceptance into an ARD program is not intended to constitute a conviction under these rules, it may be statutorily construed as a conviction for purposes of computing sentences on subsequent convictions." In *Becker*, this Court, sitting *en banc*, construed the terms of Section 3731(e)(2) and held that "a defendant who is convicted of drunk driving after having accepted ARD to avoid prosecution for an earlier drunk driving charge must be sentenced as a repeat offender-whether or not he has ever completed the ARD program." *Id.* at 893.

¶ 12 Instantly, the acceptance of the ARD program's terms conditionally postponed a formal conviction. While a person undergoes ARD, the criminal proceedings are held in abeyance pending successful completion of the program or revocation for violation of the conditions. *Commonwealth v. Krall*, 290 Pa.Super. 1, 434 A.2d 99, 101 (1981). If ARD is not completed successfully, the defendant may be prosecuted upon revocation of his participation in the program. *Commonwealth v. Lutz*, 508 Pa. 297, 303, 495 A.2d 928, 931 (1985).

¶ 13 Moreover, the *Becker* Court observed that Section 3731(e)(2) required only a preliminary disposition of the charge to apply the recidivist provisions, then defined acceptance of ARD as a preliminary disposition. *Becker*, 530 A.2d at 890. The *Becker* Court therefore concluded that Section 3731(e)(2) was designed to reach defendants who have failed to "graduate" from the ARD program. *Id.* Similarly, Section 3806 characterizes ARD as a preliminary disposition, thereby rendering

*Becker's* construction of Section 3731 applicable to our analysis of Section 3806.[6] Applying *Becker* to the instant case, we find that Appellant's mere acceptance of ARD constituted his first conviction for purposes of Section 3806(b).

¶ 14 We are further guided by Appellant's citation to *Commonwealth v. Kimmel*, 523 Pa. 107, 565 A.2d 426 (1989). In *Kimmel*, the Supreme Court of Pennsylvania was asked to determine when the recidivism period began and ended for purposes of then-Section 3731(e)(1)(ii). *Id.* at 108, 565 A.2d at 426. The trial court found that the recidivism period ran "from the date of the prior conviction to the date of the second offense." *Id.* at 109–10, 565 A.2d at 427. The appellant countered that the recidivism period ran "1) from offense to offense; 2) from guilty plea (conviction) to guilty plea (conviction); or 3) from the prior offense to the second guilty plea." *Id.* at 110, 565 A.2d at 427. The *Kimmel* Court found that the relevant language of Section 3731(e)(1)(ii), stating, "Any person **violating** any of the provisions of this section ... [shall] serve a minimum term of imprisonment of ... not less than 30 days if the person **has previously been convicted** of an offense under this section ... within the previous seven years," was free from ambiguity. *Id.* at 109, 565 A.2d at 427 (quoting 75 Pa.C.S. § 3731(e)(1)(ii) (1987)) (emphases added). The Court interpreted "violating" as "when the offensive conduct takes place," and "convicted" as when "the ascertainment of [ ] guilt" takes place. *Id.* at 111, 565 A.2d at 428. The Court concluded: "We read Section

6. The current version of the DUI statute, Section 3806, reads: "[A]cceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation...." *Comparei with* 75 Pa.C.S. § 3731(e)(2) (2002) ("Acceptance of Accelerated Rehabilitative Disposition or

any other form of preliminary disposition of any charge brought under this section shall be considered a first conviction for the purpose of computing whether subsequent conviction of a violation of this section shall be considered a second, third, fourth or subsequent conviction.").

3731(e)(1)(ii) as meaning exactly what it says: a present violation and a previous conviction constitute the look-back period." *Id.* However, the *Kimmel* Court also acknowledged that "[a]cceptance of A.R.D. is counted as a first conviction. . . ." *Id.* at 110 n. 2, 565 A.2d at 427 n. 2.

¶ 15 Appellant erroneously interprets the *Kimmel* holding as limiting the look-back period to only when a conviction, *i.e.* adjudication of guilt, occurs.[7] Appellant's interpretation contradicts the Court's finding that ARD was considered a first conviction under former Section 3731(e)(2). *See id.* (citing 75 Pa.C.S. § 3731(e)(2) (1989)). Moreover, we are limited to interpreting current Section 3806, which this Court has done. *See Nieves, supra.*

¶ 16 Applying the *Kimmel* Court's logic, along with this Court's interpretation of Section 3806 in *Nieves,* we similarly find Section 3806's language free from any ambiguity. In determining whether Appellant had any prior offenses, the sentencing court properly examined whether Appellant previously had "a conviction . . . acceptance of Accelerated Rehabilitative Disposition **or** other form of preliminary disposition. . . ." *See* 75 Pa.C.S. § 3806(b) (emphasis added); *see also Nieves, supra.* Appellant's "present violation" occurred on September 16, 2006. Looking back from that date, there clearly existed Appellant's acceptance into ARD on June 13, 2006, which was well within the ten-year look-back period. Accordingly, the trial court properly considered Appellant's current offense under Section 3806(b).

¶ 17 Finally, although Appellant did not cite this Court's recent decision in *Commonwealth v. Zampier,* 952 A.2d 1179

(Pa.Super.2008), we acknowledge its potential relevance in the instant matter. In *Zampier,* the appellant accepted ARD on April 18, 1996, after he was charged with DUI. *Id.* at 1180. Eight months later, his ARD was revoked. *Id.* He pleaded guilty and was sentenced on April 14, 1997. *Id.* On October 28, 2006, the appellant was charged with DUI and entered a plea agreement, which was contingent upon his having no previous DUI convictions within the ten-year look-back period. *Id.* The issue in *Zampier* required this Court to determine, for sentencing purposes, whether it would look to the date the appellant accepted ARD, or to the date of the appellant's subsequent conviction after revocation of his ARD status, as the relevant "prior offense." *Id.* at 1180–81. The *Zampier* Court distinguished *Becker* on its facts and held that *Becker* was inapplicable to its disposition:

> *Becker,* like appellant, accepted ARD in relation to his first DUI offense. However, within one week after acceptance into ARD, Becker was again arrested and charged with driving under the influence of alcohol. He pleaded guilty to the most recent offense and, as a consequence, faced **possible** expulsion from the ARD program and **could have been** forced to stand trial in connection with the first incident.

*Zampier,* 952 A.2d at 1182. The *Zampier* Court thus held:

> [The] appellant **was** actually expelled from the ARD program and **pled guilty** to his 1996 offense. Thereafter he was **sentenced** accordingly **before** he committed the most recent DUI. Thus, unlike the situation in *Becker,* there was an

---

7. Quizzically, Appellant relies on *Kimmel* for the proposition that "a conviction is had upon the date of sentencing." Appellant's Brief at 9. *Kimmel* states no such proposition, in fact stating: "We have held that the term 'convict- ed' means 'found guilty' and not 'found guilty and sentenced.'" *Kimmel,* 523 Pa. at 110 n. 2, 565 A.2d at 427 n. 2 (quoting *Commonwealth v. Beasley,* 505 Pa. 279, 479 A.2d 460 (1984)).

actual conviction to be accounted for within the ten year look-back period—not just the possibility of expulsion and/or acquittal. Herein, it is as if appellant had not participated in the ARD program once he was expelled and later pled guilty to the 1995 infraction. He was sentenced for his prior DUI offense, and the court need only look to his prior conviction rather than his ARD participation to trigger the imposition of a mandatory minimum sentence. The plain language of the statute mandates that acceptance of ARD constitutes the **equivalent** of a conviction for purposes of determining whether a person would be designated a habitual offender. Herein, we need not look to the equivalent as appellant has an actual conviction within the ten year look back period. *Id.*

¶ 18 Although the facts in *Becker* vary slightly from the case *sub judice*, we find its disposition and reasoning more applicable than *Zampier's*, which we find distinguishable from the instant case. In *Zampier*, the appellant had two dates of potential concern upon which to "look back" at the time he committed the second offense: the date he accepted ARD and the date he was actually convicted. This situation occurred because Zampier's second offense did not trigger the revocation of his ARD, unlike the instant facts, in which Appellant's second, and instant, offense triggered his removal from ARD. Thus, when Appellant committed the second offense, the acceptance of ARD, which Section 3806 considers a "prior offense," served as the lone "prior offense"

under Section 3806(a). However, if, as in *Zampier*, a person commits a DUI offense **after** his previous ARD has already been revoked, then his previous adjudication of guilt, not his acceptance of ARD, is the controlling element under Section 3806(b).

¶ 19 Although a court is not required to delineate the consequences to an appellant if ARD is revoked, Section 3806 plainly provides a person with fair warning that, at the very least, his acceptance of ARD constituted a first offense. This Court, in *Commonwealth v. Tustin*, 888 A.2d 843 (Pa.Super.2005), examined Section 3806 and determined that it adequately provided "reasonable standards by which a person may gauge his future conduct," which is required to satisfy due process. *Id.* at 846. *See also Commonwealth v. Heinbaugh*, 467 Pa. 1, 6, 354 A.2d 244, 246 (Pa.1976). The *Tustin* Court determined that the appellant had notice of the recidivist statute and its effects. *See Tustin*, 888 A.2d at 846. As the *Becker* Court explained: "[W]hen [the appellant] entered ARD, he struck a deal with the state in order to avoid prosecution on the initial drunk driving charge. He stood ready to accept the benefits of participating in ARD. He then violated the terms of ARD. He now seeks to avoid the predictable consequences of his actions." *Becker*, 530 A.2d at 892–93.[8] Similarly, Appellant may not now avoid the consequences of his second arrest for DUI merely because he had not yet been sentenced for his first offense when convicted of the second.

---

8. The inherent exchange described in *Becker* expounds on this Court's observation in *Commonwealth v. McDermott*, 37 Pa.Super. 1 (1906): "[C]ertainly the former conviction of the defendant of a similar offense was a warning to him and ought to have admonished him not to repeat the offense. Having violated the law the second time, with the former verdict of guilty standing against him, we do not think he ought to be now heard to say that there was no former conviction because for some reason the court did not pronounce judgment upon the verdict." *Id.* at 4.

¶ 20. Therefore, we find that the relevant look-back period in this matter applied to the date Appellant accepted ARD, June 13, 2006, and not the date he was sentenced after revocation of ARD, November 1, 2007, as Appellant suggests. Accordingly, Appellant's second offense was committed subsequent to a prior offense under Section 3806, and the trial court properly treated Appellant as a second-time DUI offender. *See Kimmel, supra; Nieves, supra.*

¶ 21 Judgment of sentence affirmed.