J-S09021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FRANK JOHNSON, | |
| Appellant | No. 1073 WDA 2014 |

Appeal from the PCRA Order June 9, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0018920-2008

BEFORE:  FORD ELLIOTT, P.J.E., BOWES, and ALLEN, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 13, 2015**

Frank Johnson appeals from the order entered June 9, 2014, denying his PCRA petition.  After careful review, we vacate and remand for additional proceedings.

On August 2, 2011, a jury found Appellant guilty of two counts of possession with intent to deliver ("PWID") cocaine, possession of cocaine, possession of drug paraphernalia, possession of a small amount of marijuana, and criminal conspiracy to commit PWID.  The court imposed sentence on October 17, 2011.  Based on 18 Pa.C.S. § 7508, a drug mandatory minimum statute relating to prior convictions and the weight of the drugs involved, the court imposed a five to ten year sentence on one count of PWID.  The court further imposed a consecutive two and one-half to

five year sentence for the conspiracy charge. In addition, the court awarded Appellant 453 days of credit for time served.

Appellant filed a timely post-sentence motion and trial counsel also sought to withdraw. Trial counsel was permitted to withdraw and substitute counsel was appointed and filed a modified post-sentence motion. The trial court denied that motion and Appellant timely appealed. This Court affirmed the judgment of sentence. *Commonwealth v. Johnson*, 63 A.3d 820 (Pa.Super. 2012) (unpublished memorandum). Thereafter, Appellant sought review with the Pennsylvania Supreme Court, which denied his petition for allowance of appeal on April 30, 2013. *Commonwealth v. Johnson*, 65 A.3d 413 (Pa. 2013).

Appellant timely filed a *pro se* PCRA petition on July 22, 2013. The PCRA court promptly appointed PCRA counsel on July 24, 2013, and directed counsel to file an amended petition. Initial PCRA counsel withdrew as a result of a conflict of interest, and the court appointed substitute counsel. New PCRA counsel then filed an amended petition arguing that Appellant's sentence was illegal based on *Alleyne v. United States*, 133 S.Ct. 2151 (2013), a decision filed after Appellant's trial, sentencing, and this Court's decision on direct appeal. Specifically, Appellant alleged that his sentence was illegal because the jury did not determine the weight of the cocaine that triggered application of the mandatory sentence. The Commonwealth filed a response, and the PCRA court issued a Pa.R.Crim.P. 907 notice of dismissal

on May 7, 2014. The PCRA court entered a final order denying Appellant's petition on May 28, 2014. New counsel was appointed on June 30, 2014, and this timely appeal followed.

The PCRA court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and the PCRA court authored its opinion. The matter is now ready for this Court's review. Appellant raises three issues for this Court's consideration.

1. Whether Defendant is entitled to additional credit for the period of February 12 to 27, 2009 because he was detained for that period on account of the instant matter and the period of February 28, 2009 to April 15, 2009 because he was detained for probation violation proceedings based, in part, upon the new charges in the instant matter and where credit for either of those periods was not applied to any other case/matter?

2. Whether the sentence imposed was illegal as the jury did not find beyond a reasonable doubt that the defendant was in possession of more than 10 but less than 100 grams of cocaine as required under the Sixth Amendment to the United States Constitution and *Alleyne v. United States*, --- U.S. ---, 133 S.Ct. 2151 (2013)?

3. Whether the decision in *Alleyne v. United States*, --- U.S. ---, 133 S.Ct. 2151 (2013) applies retroactively to cases on collateral review?

Appellant's brief at 3.

Appellant's initial challenge is to the court's failure to award credit for time served from February 12, 2009 to April 15, 2009. Claims related to credit for time served for periods spent incarcerated prior to sentencing have

been held to relate to the legality of one's sentence. ***Commonwealth v. Hollawell***, 604 A.2d 723 (Pa.Super. 1992); ***Commonwealth v. Beck***, 848 A.2d 987 (Pa.Super. 2004); ***Commonwealth v. Davis***, 852 A.2d 392 (Pa.Super. 2004). Accordingly, the issue, if raised in a timely PCRA matter, is non-waivable. ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999). Since the question is one of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Pander***, 100 A.3d 626, 630 (Pa.Super. 2014) (*en banc*).

Appellant argues that from February 12, 2009 until February 27, 2009, he was incarcerated as a result of the charges in the instant case. He continues that from February 28, 2009 until April 15, 2009, he was detained for a probation violation based, in part, on the charges in this case. Importantly, Appellant maintains that he did not receive credit for these periods at any other case.

The PCRA court opined that Appellant had received credit for these periods in separate contempt matters, citing four family division cases. However, Appellant disputes that contention, and the Commonwealth candidly acknowledges that the current record does not adequately indicate that Appellant was awarded credit at either this case or the cases referenced

- 4 -

by the PCRA court.[1]  Since Appellant has raised an issue of material fact, and we are unable to discern from the certified record whether the issue has no merit, we remand for the PCRA court to conduct a hearing to clarify and make a record as to whether Appellant is entitled to credit for the periods mentioned.  *See* Pa.R.Crim.P. 908(A)(2).

Appellant's second and third issues are interrelated as they both concern the United States Supreme Court decision in ***Alleyne***, ***supra***.   In ***Alleyne***, the High Court held that the constitutional jury trial right requires any fact, other than a prior conviction, that triggers a mandatory minimum sentence, be proven beyond a reasonable doubt before a jury. Subsequently, this Court, though recognizing the distinction between a jury trial right claim and illegal sentencing issues, opined that an ***Alleyne*** claim can implicate the illegal sentencing paradigm.  ***Commonwealth v. Watley***, 81 A.3d 108 (Pa.Super. 2013) (*en banc*).

In addition, in a host of other decisions from this Court, involving direct appeals, we have found that ***Alleyne*** issues are non-waivable illegal sentencing claims.   ***Commonwealth v. Ferguson***, 2015 PA Super 1; ***Commonwealth v. Wolfe***, 2014 PA Super 288; ***Commonwealth v. Fennell***, 2014 PA Super 261, ***Commonwealth v. Cardwell***, 2014 PA Super

_____

[1] The dockets for the case numbers cited by the PCRA court do not contain any orders that establish that Appellant was held in contempt and incarceration was ordered in those cases.

263; ***Commonwealth v. Valentine***, 100 A.3d 801 (Pa.Super. 2014);

***Commonwealth v. Lawrence***, 99 A.3d 116 (Pa.Super. 2014);

***Commonwealth v. Newman***, 99 A.3d 86 (Pa.Super. 2014) (*en banc*);

***Commonwealth v. Matteson***, 96 A.3d 1064 (Pa.Super. 2014);

***Commonwealth v. Thompson***, 93 A.3d 478 (Pa.Super. 2014);

***Commonwealth v. Munday***, 78 A.3d 661 (Pa.Super. 2013).[2]

_____

[2] Aside from ***Alleyne***-related issues, in a long line of other cases, both this Court and our Supreme Court have construed various mandatory minimum sentencing claims as legality of sentence questions. ***See Commonwealth v. Akbar***, 91 A.3d 227 (Pa.Super. 2014); ***Commonwealth v. Armstrong***, 74 A.3d 228 (Pa.Super. 2013); ***Commonwealth v. Baker***, 72 A.3d 652 (Pa.Super. 2013); ***Commonwealth v. Hopkins***, 67 A.3d 817 (Pa.Super. 2013); ***Commonwealth v. Hawkins***, 45 A.3d 1123 (Pa.Super. 2012); ***Commonwealth v. Stein***, 39 A.3d 365 (Pa.Super. 2012), *disapproved on other grounds by*, ***Commonwealth v. Hanson***, 82 A.3d 1023 (Pa. 2013); ***Commonwealth v. Stokes***, 38 A.3d 846 (Pa.Super. 2012); ***Commonwealth v. Poland***, 26 A.3d 518 (Pa.Super. 2011); ***Commonwealth v. Kittrell***, 19 A.3d 532 (Pa.Super. 2011); ***Commonwealth v. Carpio-Santiago***, 14 A.3d 903 (Pa.Super. 2011); ***Commonwealth v. Madeira***, 982 A.2d 81 (Pa.Super. 2009); ***Commonwealth v. McKibben***, 977 A.2d 1188 (Pa.Super. 2009); ***Commonwealth v. Foster***, 960 A.2d 160 (Pa.Super. 2008), *affirmed*, 17 A.3d 332 (Pa. 2011) (OAJC); ***Commonwealth v. Rush***, 959 A.2d 945 (Pa.Super. 2008); ***Commonwealth v. Love***, 957 A.2d 765 (Pa.Super. 2008); ***Commonwealth v. Diamond***, 945 A.2d 252 (Pa.Super. 2008); ***Commonwealth v. Stafford***, 932 A.2d 214 (Pa.Super. 2007); ***Commonwealth v. Harley***, 924 A.2d 1273 (Pa.Super. 2007); ***Commonwealth v. Johnson***, 920 A.2d 873 (Pa.Super. 2007); ***Commonwealth v. Littlehales***, 915 A.2d 662 (Pa.Super. 2007); ***Commonwealth v. Bongiorno***, 905 A.2d 998 (Pa.Super. 2006); ***Commonwealth v. Bell***, 901 A.2d 1033 (Pa.Super. 2006); ***Commonwealth v. Jacobs***, 900 A.2d 368 (Pa.Super. 2006) (*en banc*) (noting in *dicta* that certain mandatory minimum sentencing claims present legality of sentence issues); ***Commonwealth v. Edrington***, 780 A.2d 721 (Pa.Super. 2001); ***Commonwealth v. Wynn***, 760 A.2d 40 (Pa.Super.
*(Footnote Continued Next Page)*

In **Watley**, this Court also distinguished between applying **Alleyne** on direct appeal and collateral review. We noted that a case may be retroactive on direct appeal, but not during collateral proceedings. **Watley**, **supra** at 117 n.5. Thus, while this Court has held that **Alleyne** applies retroactively on direct appeal, **see Newman**, **supra**, we have declined to construe that decision as applying retroactively to cases during PCRA review. **Commonwealth v. Miller**, 102 A.3d 988 (Pa.Super. 2014).

In **Miller**, the PCRA petitioner attempted to utilize **Alleyne** as a timeliness exception to the PCRA's one-year-time-bar based on the retroactive new constitutional rule exception. Miller, however, had been sentenced to a mandatory minimum based on prior convictions for violent crimes and **Alleyne** itself held that it did not apply to prior convictions. **See**

_(Footnote Continued)_ ───────────────

2000), _reversed on other ground_, 786 A.2d 202 (Pa. 2001); **see also Commonwealth v. Taylor**, __ A.3d __ (Pa. 2014) (filed November 20, 2014) (failure to order mandatory drug and alcohol assessment prior to sentencing, in violation of statutory language, presented legality of sentence issue); **Commonwealth v. Vasquez**, 744 A.2d 1280 (Pa. 2000) (Commonwealth's issue on appeal, regarding failure to impose a mandatory fine under 18 Pa.C.S. § 7508, was non-waivable illegal sentencing claim); **Commonwealth v. Eisenberg**, 98 A.3d 1268 (Pa. 2014) (constitutional challenge to mandatory minimum fine was illegal sentencing question).

In **Commonwealth v. Williams**, 787 A.2d 1085 (Pa.Super. 2001), a panel of this Court did hold that a constitutional challenge to 42 Pa.C.S. § 9712, based upon a violation of the defendant's jury trial rights, was a discretionary sentencing claim. That decision is no longer valid in light of decisions such as **Newman**. Of course, in **Commonwealth v. Lawrence**, 99 A.3d 116 (Pa.Super. 2014), this Court held that constitutional challenges based on equal protection and _ex post facto_ claims, relative to a mandatory minimum statute, did not present non-waivable illegal sentencing questions.

*Alleyne*, *supra* at 2160 n.1; *see also Watley*, *supra* at 117 n.3. Thus, *Alleyne* had no application to the petitioner therein. *Cf. Commonwealth v. Chambers*, 35 A.3d 34 (Pa.Super. 2011) (holding of case and not its rationale determines whether case meets retroactive new constitutional rule exception). However, the *Miller* panel discussed, in *dicta*, whether either the United Supreme Court or Pennsylvania Supreme Court held *Alleyne* retroactive. The *Miller* Court opined that because neither high court announced that *Alleyne* applied retroactively, it could not qualify as a timeliness exception. The panel was not faced with the separate question of whether it could consider *Alleyne* retroactive during a timely PCRA petition, despite the United States Supreme Court not having held *Alleyne* to be retroactive. *See Danforth v. Minnesota*, 552 U.S. 264 (2008) (holding that state courts may grant broader retroactive effect to a United States Supreme Court constitutional ruling).

Even construing much of the *Miller* decision as *dicta*, and recognizing that *Miller* involved an untimely PCRA petition, Appellant is not entitled to *Alleyne* relief during collateral review. The seminal test in determining whether a constitutional rule is new and warrants retroactive application during collateral review was delineated in *Teague v. Lane*, 489 U.S. 288 (1989) (plurality), and has been accepted by a majority of the United States Supreme Court. *See Commonwealth v. Lesko*, 15 A.3d 345, 363 (Pa. 2011) (citing *Butler v. McKellar*, 494 U.S. 407 (1990)). We are cognizant that *Teague* involved federal *habeas* review and did not consider whether

state courts "can provide remedies for violations of [newly-recognized constitutional] rights in their own postconviction proceedings." **Danforth**, **supra** at 275.  As **Danforth** stated, **Teague** spoke only to the context of federal *habeas*.  **Id**. at 280-281.

In addition, we acknowledge that in **Commonwealth v. McCormick**, 519 A.2d 442 (Pa.Super. 1986), this Court held in a pre-**Teague** direct appeal case that Pennsylvania courts are not bound by United States Supreme Court determinations that a new rule is not retroactive.  This view was accepted by the United States Supreme Court in **Danforth**, which, as noted, permits state courts to declare a federal constitutional right retroactive even if the United States Supreme Court has declined to do so.  This Court could, therefore, theoretically utilize the **Teague** test and conclude a new constitutional rule was retroactive despite a contrary finding by the Supreme Court in a timely PCRA matter.  **Danforth**, **supra**; **but see Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013).  Of course, such a ruling by this Court would not provide a timeliness exception for PCRA petitioners who did not timely file a petition.

"Under the **Teague** framework, an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review.  A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a 'watershed rule of criminal procedure' implicating the fundamental fairness and accuracy

of the criminal proceeding." ***Whorton v. Bockting***, 549 U.S. 406, 416 (2007) (internal citations omitted).[3]

Our Supreme Court has utilized the ***Teague*** test in examining retroactivity issues during state collateral review. ***Commonwealth v. Bracey***, 986 A.2d 128 (Pa. 2009) (discussing ***Teague*** and substantive ***Atkins*** rule); ***Commonwealth v. Hughes***, 865 A.2d 761 (Pa. 2004) (discussing ***Teague*** and whether a new rule was a watershed procedural rule); ***see also Cunningham***, ***supra*** at 8 ("This Court, however, generally has looked to the ***Teague*** doctrine in determining retroactivity of new federal constitutional rulings.").

In ***Cunningham***, the Court acknowledged that "this practice is subject to potential refinement" and "is not necessarily a natural model for retroactivity jurisprudence as applied at the state level." ***Cunningham***, ***supra*** at 8. However, it ultimately applied the ***Teague*** formulation. In ***Teague***, the Supreme Court *sua sponte* addressed the issue of retroactivity and stated, "[r]etroactivity is properly treated as a threshold question, for, once a new rule is applied to the defendant in the case announcing the rule,

---

[3] In ***Danforth v. Minnesota***, 552 U.S. 264 (2008), the Supreme Court set forth that it did not decide "whether States are required to apply 'watershed' rules in state post-conviction proceedings[.]" ***Danforth***, ***supra*** at 269 n.4. The dissent, however, opined, "a state court considering a federal constitutional claim on collateral review should follow the federal rule on whether new or old law applies." ***Id***. at 307 n.3 (Roberts, C.J. dissenting).

evenhanded justice requires that it be applied retroactively to all who are similarly situated." **Teague**, **supra** at 300-01. The Court continued,

> It is admittedly often difficult to determine when a case announces a new rule, and we do not attempt to define the spectrum of what may or may not constitute a new rule for retroactivity purposes. In general, however, a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government. **See, e.g., Rock v. Arkansas**, 483 U.S. 44, 62, 107 S.Ct. 2704, 2714, 97 L.Ed.2d 37 (1987) (*per se* rule excluding all hypnotically refreshed testimony infringes impermissibly on a criminal defendant's right to testify on his behalf); **Ford v. Wainwright**, 477 U.S. 399, 410, 106 S.Ct. 2595, 2602, 91 L.Ed.2d 335 (1986) (Eighth Amendment prohibits the execution of prisoners who are insane). To put it differently, a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final.

**Id**. at 301 (emphasis in original); **see also Hughes**, **supra** at 780.

We have little hesitation in holding that **Alleyne** was a new constitutional rule as it expressly overruled **Harris v. United States**, 536 U.S. 545 (2002), and implicitly abrogated **McMillan v. Pennsylvania**, 477 U.S. 79 (1986). Of course, whether the constitutional rule announced is new is merely the first step in examining the retroactive effect of a United States Supreme Court decision. The **Teague** Court explained that new constitutional rules "generally should not be applied retroactively to cases on collateral review." **Teague**, **supra** at 305-06. In **Penry v. Lynaugh**, 492 U.S. 302 (1989), *abrogated on other grounds by* **Atkins**, **supra**, the Supreme Court more fully delineated the law governing retroactivity.

> In **Teague,** we concluded that a new rule will not be applied retroactively to defendants on collateral review unless it falls

- 11 -

within one of two exceptions. Under the first exception articulated by Justice Harlan, a new rule will be retroactive if it places "'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.'" *Teague, supra*, at 307, 109 S.Ct., at 1073 (quoting *Mackey*, 401 U.S., at 692, 91 S.Ct., at 1179 (Harlan, J., concurring in judgments in part and dissenting in part)).  Although *Teague* read this exception as focusing solely on new rules according constitutional protection to an actor's primary conduct, Justice Harlan did speak in terms of substantive categorical guarantees accorded by the Constitution, regardless of the procedures followed.  This Court subsequently held that the Eighth Amendment, as a substantive matter, prohibits imposing the death penalty on a certain class of defendants because of their status, *Ford v. Wainwright, supra*, 477 U.S., at 410, 106 S.Ct., at 2602 (insanity), or because of the nature of their offense, *Coker v. Georgia*, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977) (rape) (plurality opinion).  In our view, a new rule placing a certain class of individuals beyond the State's power to punish by death is analogous to a new rule placing certain conduct beyond the State's power to punish at all. In both cases, the Constitution itself deprives the State of the power to impose a certain penalty.

*Penry*, *supra* at 329-30; *see also Schriro v. Summerlin*, 542 U.S. 348, 352 n.4 (2004).

As noted, the United States Supreme Court has utilized a substantive and procedural rule dichotomy in analyzing retroactivity.  Substantive rules are those that decriminalize conduct or prohibit punishment against a class of persons.  *See Hughes*, *supra* at 781.  Concomitantly, the Supreme Court has made clear that "rules that regulate only the **manner of determining** the defendant's culpability are procedural."  *Schriro*, *supra* at 353 (citation omitted) (emphasis in original).  A constitutional criminal procedural rule will not apply retroactively unless it is a watershed rule that implicates the

fundamental fairness and accuracy of the criminal proceeding. A procedural rule is considered watershed if it is necessary to prevent an impermissibly large risk of an inaccurate conviction and alters the understanding of the bedrock procedural elements essential to the fairness of a proceeding. *See Whorton*, *supra* at 418. The only rule explicitly recognized by the United States Supreme Court as a watershed criminal procedural rule was announced in *Gideon v. Wainwright*, 372 U.S. 335 (1963),[4] *i.e.*, the right to counsel during a felony criminal prosecution. *Whorton*, *supra* at 419.

Instantly, the *Alleyne* ruling does not prohibit punishment for a class of offenders nor does it decriminalize conduct. Rather, *Alleyne* procedurally mandates the inclusion of facts in an indictment or information, which will increase a mandatory minimum sentence, and a determination by a fact-finder of those facts beyond a reasonable doubt. *Alleyne*, therefore, is not substantive. Nor do we find *Alleyne* to consist of a watershed procedural rule. *See also United States v. Reyes*, 755 F.3d 210 (3rd Cir. 2014); *United States v. Redd,* 735 F.3d 88, 91–92 (2d Cir.2013); *In re Payne*, 733 F.3d at 1029–30; *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013).

In this regard, we find the United States Supreme Court decision in *Schriro*, *supra* and its discussion of *Ring v. Arizona*, 536 U.S. 584 (2002),

---

[4] *Gideon v. Wainwright*, 372 U.S. 335 (1963), involved a case arising from Florida *habeas* review.

- 13 -

instructive. Preliminarily, **Ring** involved a successful **Apprendi**[5] challenge to a death penalty statute. **Alleyne**, it should be remembered, relied heavily on the **Apprendi** rationale. The High Court, in considering whether **Ring** applied retroactively, ruled that whether a judge or jury determined the facts essential to the increased punishment, beyond a reasonable doubt, was not material to the fundamental fairness or accuracy of capital sentencing. **See Schriro**, **supra**. Therefore, the distinction between whether a judge or jury determines the facts at issue does not result in the procedure announced in **Alleyne** being a watershed rule.

We acknowledge that the **Alleyne** decision involves not just a change in who determines the facts essential to punishment, but also the burden of proof that is to be applied.[6] This, however, is no different from **Apprendi**, which no Pennsylvania court has found retroactive, and has not been held retroactive by the United States Supreme Court. Moreover, **Alleyne** does not create an entirely new procedure. Rather, it merely applies long standing jury trial procedures into the setting of mandatory minimums, *i.e.*, including facts in an indictment (or information) and requiring proof beyond a reasonable doubt of those facts. Although submission to a jury of certain facts may lead to more acquittals of the now "aggravated crime," it does not

_____

[5] **Apprendi v. New Jersey**, 530 U.S. 466 (2000).

[6] In **Ring v. Arizona**, 536 U.S. 584 (2002), the judge was already required to determine the aggravating facts beyond a reasonable doubt.

undermine the underlying conviction or sentence of the "lesser crime." This is because, in Pennsylvania, absent the jury finding the applicable facts, the defendant could receive the identical sentence for the "lesser crime." Phrased differently, it is immaterial whether a judge determines the weight of the drugs by a preponderance of the evidence, or a jury finds the weight of the drugs beyond a reasonable doubt. In each situation, the court could have imposed a five to ten year sentence for the conviction of PWID cocaine, irrespective of the then-applicable mandatory minimum sentencing statute. *See* 35 P.S. § 780-113(f). Hence, the fundamental fairness of the trial or sentencing is not seriously undermined.

Appellant, nonetheless, argues that because he is entitled to a resentencing hearing to award him credit for time served, his initial sentence will no longer be final. Accordingly, he maintains that any appeal therefrom would constitute a direct appeal subject to application of *Alleyne*. The Commonwealth posits a different possibility not raised by Appellant. That is, it asserts that Appellant's petition for allowance of appeal was pending when *Alleyne* was decided. Thus, it submits that *Alleyne* may have been applicable to Appellant while he was on direct appeal, although our Supreme Court did not accept his case for review. As Appellant does not forward this argument, we do not reach it. *See Commonwealth v. Briggs*, 12 A.3d 291, 344 (Pa. 2011) (declining to review Eighth Amendment and Article I, § 13 claims due to inadequate briefing by the appellant); *see also*

***Commonwealth v. Belak****, 825 A.2d 1252, 1256 n. 10 (Pa. 2003) (declining to address legality of sentence question where issue was not included in petition for allowance of appeal or original brief).

To the extent Appellant's argument is premised on a proceeding or events that have not taken place, *i.e.*, being awarded credit for time served, it would be premature to consider whether an order directing Appellant to receive such credit would allow him to attack his original sentence as illegal under ***Alleyne*** in a subsequent appeal.

Order vacated. Case remanded for additional proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2015